DENNIS BALL, Plaintiff-Appellant, v. WALDO TOWNSHIP *et al.*, Defendants-Appellees.

Fourth District   No. 4—90—0208

Opinion filed December 12, 1990.

James Walker, Ltd., of Bloomington, for appellant.

Dunn, Goebel, Ulbrich, Morel & Hundman, of Bloomington (John L. Morel, of counsel), for appellees Waldo Township and Marvin Gerdes.

Judge & Knight, Ltd., of Park Ridge (Sarah Hansen Sotos, Janella L. Barbrow, and Joseph R. Martan, of counsel), for appellees Panola Township and John Gauger.

JUSTICE KNECHT delivered the opinion of the court:

Plaintiff Dennis Ball brought suit for personal injuries sustained by him as a result of a car accident which occurred on February 3, 1986. Plaintiff appeals the trial court's orders dismissing portions of his complaint and granting summary judgment. We affirm.

Plaintiff was injured when the car in which he was a passenger left the road and landed in a nearby ditch. Plaintiff and the driver, Donald Maurer, had been traveling north on a two-lane blacktop road in a rural area near Gridley in Panola Township. The road on which they were traveling intersected with another at Woodford County 1200N, and then narrowed to a one-lane dirt road immediately beyond the intersection. Maurer missed the dirt road and drove into a field on the east side of the road. Maurer did not stop the vehicle there, but instead drove back toward the road. Once on the dirt road, he traveled across it at least once, struck a culvert, and ended up in a creek bed on the west side of the dirt road.

Plaintiff filed a complaint naming Waldo Township; Marvin Gerdes, highway commissioner for Waldo Township; Livingston County; Panola Township; John Gauger, highway commissioner for Panola Township; and Woodford County as defendants. Plaintiff alleged defendants were negligent in:

"a) *** maintain[ing] the road *** in a reasonably safe condition in violation of *Ill. Rev. Stat.*, Ch. 121, §6—201.7[;]

b) *** plac[ing] and maintain[ing] stop signs so as to provide warning to vehicles being driven upon the road of the change in the surface of the road and the necessity that direction be altered for northbound traffic in order to enter the dirt road[;]

c) *** inspect[ing] and fail[ing] to set up a schedule of inspections calculated to discover the existence of unsafe conditions[;]

d) *** maintain[ing] its property in a reasonably safe condition for use by motor vehicles[; and]

e) *** provid[ing] traffic warning signals, signs, or markings, to warn of the change in road surface and the necessity that vehicle direction be altered for northbound traffic in order to enter the dirt road, when such conditions were not reasonably apparent, nor would be anticipated, by travelers in a northbound direction on the paved road, in violation of *Ill. Rev. Stat.* Ch. 85, §3—104."

Plaintiff alleged the negligence of defendants was the proximate cause of his injury.

Plaintiff's allegations regarding Livingston and Woodford Counties were dismissed, and plaintiff does not appeal this dismissal order. Plaintiff's case as to each of the townships and their respective highway commissioners proceeded through discovery at the trial court level. In each instance, the respective township and its commissioner appeared by the same attorney and filed identical pleadings. After dismissal of the counties, plaintiff's complaint in effect pended against Waldo Township and its commissioner, Marvin Gerdes, and Panola Township and its commissioner, John Gauger.

Defendants moved to dismiss plaintiff's complaint. The court allowed partial dismissal of plaintiff's complaint, striking allegations (b) and (e) which alleged defendants had failed to provide a stop sign or other traffic warning signal.

On February 15, 1989, defendants moved for summary judgment. Defendants' motions alleged there was no evidence in the record of any defect in the road surface and, as a matter of law, the sole proximate cause of the accident was Maurer's driving. The trial court heard arguments on summary judgment motions on December 19, 1989, and awarded summary judgment for defendants. The judgment order of February 2, 1990, stated no issue of material fact existed, defendants had no duty as a matter of law to make improvements upon township roads, and the sole proximate cause of the accident was Maurer's driving.

■ The trial court correctly granted defendants' motions to dismiss after finding plaintiff's complaint failed to allege a duty to maintain a traffic control sign. Defendants' motions to dismiss were made pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—615). In considering a motion to dismiss filed pursuant to section 2—615, trial courts are confined to consideration of the facts alleged on the face of the complaint. *Seibring v. Parcell's Inc.* (1988), 178 Ill. App. 3d 62, 532 N.E.2d 1335; *Dunn v. Baltimore & Ohio R.R. Co.* (1987), 162 Ill. App. 3d 97, 515 N.E.2d 1027, *aff'd in relevant part* (1989), 127 Ill. 2d 350, 537 N.E.2d 738.

■■ Plaintiff's complaint cited section 3—104 of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1985, ch. 85, par. 3—104) as providing a duty on behalf of defendants to maintain a traffic warning signal. Section 3—104 provides:

"Failure to provide traffic signals and signs.

(a) Neither a local public entity nor a public employee is liable under this Act for an injury caused by the failure to initially pro-

vide regulatory traffic control devices, stop signs, yield right-of-way signs, speed restriction signs, distinctive roadway markings or any other traffic regulating signs.

(b) Neither a local public entity nor a public employee is liable under this Act for an injury caused by the failure to provide traffic warning signals, signs, markings or other devices unless such a signal, sign, marking or device was necessary to warn of a condition which endangered the safe movement of traffic, and which would not be reasonably apparent to or anticipated by a person in the exercise of due care." (Ill. Rev. Stat. 1985, ch. 85, par. 3—104.)

However, plaintiff's complaint did not contain any factual allegations indicating it was necessary to warn of the condition or that the condition was not reasonably apparent to, or anticipated by, a person in the exercise of due care. The extent of plaintiff's factual allegations was that plaintiff was a passenger in a vehicle driven by Maurer, Maurer's vehicle left the road striking a bridge abutment, and plaintiff was injured. Accordingly, the trial court appropriately dismissed allegations (b) and (e) of plaintiff's complaint.

Prior to defendants' motions for summary judgment, discovery depositions were taken from plaintiff and Maurer. Plaintiff and Maurer, in deposition, stated that after leaving work February 3, 1986, they went to Fat Albert's, a tavern in Gridley. Maurer deposed he drank four or five 12-ounce beers. After a couple of hours, they left Fat Albert's to go to a friend's house in the country. Maurer drove. The weather conditions that night were rainy and foggy. Maurer stated he had his headlights and wipers on. He estimated he could see a distance of 500 to 600 feet and was driving at a speed of 35 to 40 miles per hour. Maurer stated that when he came to the dirt road he safely traversed a ditch on the north side of the intersecting road. He then proceeded into a bean field, driving parallel to and east of the dirt road. Maurer first stated he did not apply his brakes upon entering the field, but later stated he just touched them. Maurer did not stop the vehicle because it was raining and he did not want to get stuck. Maurer instead drove through the ditch on the east side of the dirt road as he headed back toward the road. He traveled across the dirt road and struck a culvert on the west side of the road. At this time, he lost control of the vehicle and traveled into a creek bed. Prior to striking the culvert, Maurer stated he had been steering the vehicle. Plaintiff, in deposition, stated Maurer crisscrossed the dirt road several times before completely going off the west side of the road and coming to a stop in the creek bed. In plaintiff's opinion, Maurer lost control of the vehicle after leaving the paved road.

■ Summary judgment is an appropriate remedy when the pleadings, depositions, and admissions on file, together with the affidavits, if any, show there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Ill. Rev. Stat. 1985, ch. 110, par. 2—1005.

■ Plaintiff cited section 6—201.7 of the Illinois Highway Code (Ill. Rev. Stat. 1985, ch. 121, par. 6—201.7) as again providing a duty on the behalf of defendants to maintain the road in a reasonably safe condition. However, a careful reading of the statute makes no reference to such a duty. The statute instead provides terms for contracting, bidding, and advertising bids for roads within the district.

■■ ■ Moreover, the sole proximate cause of the accident was Maurer's negligent driving.

> "Proximate cause is one which produces the injury through a natural and continuous sequence of events unbroken by any effective intervening cause. (*Kemp v. Sisters of the Third Order of St. Francis* (1986), 143 Ill. App. 3d 360[, 493 N.E.2d 372].) As was discussed by the Illinois Supreme Court, a 'cause vs. condition' analysis has evolved in examining whether proximate cause exists in certain situations:
>
>> '[I]f the negligence charged does nothing more than furnish a condition by which the injury is made possible and that condition causes an injury by the subsequent, independent act of a third person,, the creation of the condition is not the proximate cause of the injury where the subsequent act is an intervening efficient cause which breaks the causal connection between the original wrong and the injury, and itself becomes the proximate or immediate cause.' *Merlo v. Public Service Co.* (1942), 381 Ill. 300, 316[, 45 N.E.2d 665, 675]."
>
> *Novander v. City of Morris* (1989), 181 Ill. App. 3d 1076, 1078-79, 537 N.E.2d 1146, 1147-48.

■ Here, neither the absence of a traffic control device nor the design of the road did anything more than furnish a condition. Maurer's decision to continue driving through the field was an intervening efficient cause. The trial court appropriately awarded summary judgment.

Affirmed.

LUND, P.J., and GREEN, J., concur.