JOSEPHINE CASTORENA, Plaintiff-Appellant, v. BROWNING-FERRIS INDUSTRIES OF ILLINOIS, INC., *et al.*, Defendants-Appellees.

Second District No. 2—90—1049

Opinion filed July 22, 1992.—Rehearing denied January 11, 1993.

Caluwaert, Panegasser, Hancock & Schousen, of Elmhurst (Daniel J. Kordik, of counsel), for appellant.

Coleman & O'Halloran, of Chicago (John M. O'Halloran, of counsel), for appellees.

JUSTICE WOODWARD delivered the opinion of the court:

Plaintiff, Josephine Castorena, filed a four-count amended complaint against the defendants Browning-Ferris Industries, Inc. (BFI), the City of Elmhurst (City) and Don Grotz (Grotz). The amended complaint alleged that plaintiff was injured when the car driven by Grotz, in which she was a passenger, struck a dumpster belonging to BFI, which was on a roadway controlled by the City. Following the close of the plaintiff's case, the trial court directed a

verdict in favor of BFI and the City. The jury returned a verdict in favor of plaintiff and against Grotz (an uninsured motorist) in the amount of $164,280.

Plaintiff appealed to this court. This court reversed the order directing a verdict in favor of BFI and the City, and remanded the cause. (See *Castorena v. Browning-Ferris Industries of Illinois, Inc.* (1991), 217 Ill. App. 3d 328.) The supreme court denied leave to appeal but remanded the cause to this court for reconsideration of our decision as to the City only, in light of its decision in *West v. Kirkham* (1992), 147 Ill. 2d 1.

■■ ■ The relevant facts have been set forth in the prior opinion in this case and will not be repeated here. (See *Castorena*, 217 Ill. App. 3d at 337-38 (Geiger, J., specially concurring).) The sole issue to be resolved is whether the trial court erred in directing a verdict in favor of the City on the basis of section 3—104 of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (Ill. Rev. Stat. 1987, ch. 85, par. 3—104).

Section 3—104 provides as follows:

> "Neither a local public entity nor a public employee is liable under this Act for an injury caused by the failure to initially provide regulatory traffic control devices, stop signs, yield right-of-way signs, speed restriction signs, distinctive roadway markings or any other traffic regulating or warning sign, device or marking, signs, overhead lights, traffic separating or restraining devices or barriers." (Ill. Rev. Stat. 1987, ch. 85, par. 3—104.)

Relying on *Janssen v. City of Springfield* (1980), 79 Ill. 2d 435, and modifying the view previously taken in *Dinges v. Gabardi* (1990), 202 Ill. App. 3d 732, this court determined that the immunity under section 3—104 was not available to the City in this cause because there was evidence that the City had been placed on notice that a dangerous condition existed by virtue of a prior similar accident. We distinguished the case of *Newsome v. Thompson* (1990), 202 Ill. App. 3d 1074, on the basis that there was no evidence in that case that placed the City of Chicago on notice of the existence of a dangerous condition. *Castorena*, 217 Ill. App. 3d at 333-35.

Recently, our supreme court decided the case of *West v. Kirkham*. In that case, West was injured when, while attempting to make a left-hand turn, her car was struck by the Kirkham car, which was proceeding through the intersection. West filed suit *inter alia* against the City of Urbana (Urbana), alleging that Urbana had failed to provide traffic control devices and proper warnings. The

trial court granted Urbana's motion for summary judgment, finding that Urbana's alleged negligence was immunized by the Tort Immunity Act. The appellate court reversed, finding no immunity. The supreme court granted leave to appeal.

The supreme court concluded that the motion for summary judgment had been properly granted by the trial court. The court first pointed out that section 3—104 applies where the municipality fails to provide a traffic control device in the first place, not where an existing device failed to work. Next, the court pointed out that, unlike sections 3—102(a) and 3—103(a) (Ill. Rev. Stat. 1987, ch. 85, pars. 3—102(a), 3—103(a)), no reference is made to notice in section 3—104. From this, the court concluded that the legislature did not intend for the immunity conferred by section 3—104 to be limited to situations where the municipality is *not* on notice of a dangerous condition. *West*, 147 Ill. 2d at 6-9.

The special concurring opinion in *Castorena* would have based the liability of the City on its general duty to exercise ordinary care in maintaining its property in a reasonably safe condition. (Ill. Rev. Stat. 1987, ch. 85, par. 3—102(a).) In *West*, plaintiff argued that Urbana was required to install a left-hand turn arrow as part of its duty to maintain its property under section 3—102(a). The supreme court rejected that argument, stating as follows:

> "[West's] argument ignores the opening phrase of the section which states, '[e]xcept as otherwise provided in this Article.' It is 'otherwise provided' in section 3—104, which is located in article III with section 3—102(a), that a municipality does *not* have a duty to *provide* traffic control devices. Thus, the obligation to provide traffic control devices is expressly excluded from the purview of the general duty to maintain found in section 3—102(a). This limitation on the scope of the duty in section 3—102(a) is in keeping with the scope of that duty as it existed at common law. The Tort Immunity Act creates no new duties but merely codifies those existing at common law." (Emphasis in original.) (147 Ill. 2d at 14.)

As section 3—104 includes not only traffic control devices but warning devices as well, the City was under no duty to provide warning devices under section 3—102(a).

Based upon our supreme court's decision in *West v. Kirkham*, we hold that, as to the City only, the trial court was correct in granting the motion for a directed verdict in its favor. See also *Wood v. Village of Grayslake* (1992), 229 Ill. App. 3d 343.

The judgment of the circuit court is affirmed as to the City; the judgment is reversed and the cause remanded as to BFI.

Affirmed in part; reversed and remanded in part.

BOWMAN and GEIGER, JJ., concur.