BERNARD ASHER, Plaintiff-Appellant, v. FARB SYSTEMS, INC., *et al.*, Defendants-Appellees.

First District (4th Division)    No. 1—92—2118

Opinion filed December 2, 1993.

Daniel N. Kadjan, of Arnold & Kadjan, of Chicago, for appellant.

Roberta L. Holzwarth, of Holmstrom & Kennedy, P.C., of Rockford, for appellees.

JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, Bernard Asher, appeals from an involuntary dismissal order entered in the circuit court of Cook County. On appeal, plaintiff contends that disputed issues of material facts existed which precluded the trial court from dismissing the complaint.

We affirm.

On July, 17, 1990, plaintiff entered into a written employment contract with defendant, Farb Systems, Inc. (FSI). Pursuant to the contract written and signed by David Farb, president of FSI, plaintiff became vice-president of FSI and received a biweekly salary of $4,038.46 plus other benefits, including a 6% commission on gross sales. The contract also provided that when certain computer software (Applied Parametrix) gross sales reached $1.5 million, a new corporation would be formed in which plaintiff would receive a

20% undiluted interest. Also, plaintiff would become vice-president of the new corporation, receive a biweekly salary of $5,769.23, and would no longer receive any commission.

On September 24, 1990, Cad-Quest, Inc., defendant, was incorporated, although Applied Parametrix gross sales had not reached $1.5 million. Plaintiff became vice-president of the new corporation, but despite repeated requests for a pay increase, plaintiff continued to receive a salary of $4,038.46. On April 26, 1991, plaintiff resigned from Cad-Quest, Inc.

On October 22, 1991, plaintiff filed a five-count complaint against the named defendants alleging that he was denied the pay increase to which he was entitled upon Cad-Quest's formation. In his complaint, plaintiff asserted, *inter alia*, that Applied Parametrix gross sales had achieved $1.5 million. On December 6, 1991, defendants moved to dismiss plaintiff's complaint pursuant to section 2—619 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—619(a)(9)). At a hearing on the motion, the trial court dismissed plaintiff's complaint. Plaintiff then filed this appeal.

Plaintiff contends that dismissal was improper because material issues of disputed facts existed that could not be resolved in a section 2—619 motion. Plaintiff argues that the employment contract was ambiguous and that a material issue of fact existed as to whether defendants waived an alleged conditionprecedent to plaintiff's pay increase. For the following reasons, we uphold the judgment of the trial court.

At the hearing on defendant's motion to dismiss, the trial court noted that the only issue before the court was the interpretation of the contract between the parties. In *Kennedy, Ryan, Monigal & Associates, Inc. v. Watkins* (1993), 242 Ill. App. 3d 289, this court held that "[w]here only the construction of a contract is at issue, the legal effect and interpretation of the contract is a question of law." (*Watkins*, 242 Ill. App. 3d at 295.) When it finds a contract to be unambiguous, a trial court may look only to the language of the contract to determine the meaning of its provisions. (*Holden v. National Boulevard Bank* (1992), 231 Ill. App. 3d 26, 33.) In construing the language of a contract, the court generally reviews the instrument as a whole and considers it in the context of the entire agreement. *Wilson v. Wilson* (1991), 217 Ill. App. 3d 844, 850.

In interpreting the contract in the present case, the trial court reasoned that the contract unambiguously provided that Applied Parametrix gross sales must reach $1.5 million before defendants were obligated to increase plaintiff's salary. Plaintiff's complaint alleged that the sales condition had been met, despite other allegations to

the contrary. In ruling on defendants' motion, the trial court reasoned that the sales condition had not been met as plaintiff alleged in his petition. Based on the evidence before the trial court, we believe it properly granted defendants' section 2—619 motion.

■ Under section 2—619 of the Illinois Code of Civil Procedure, a trial court may dismiss a complaint where the claim asserted is barred by some affirmative matter that "refutes crucial conclusions of law or conclusions of material fact that are unsupported by allegations of specific facts." (*Santa Claus Industries, Inc. v. First National Bank* (1991), 216 Ill. App. 3d 231, 236; Ill. Rev. Stat. 1991, ch. 110, par. 2—619(a)(9).) In *Brown v. Chicago Park District* (1991), 218 Ill. App. 3d 612, this court defined "affirmative matter" to include a defense that destroys the cause of action. *Brown*, 218 Ill. App. 3d at 616.

■ In the present case, plaintiff alleged in his complaint that the Applied Parametrix gross sales had reached $1.5 million. This conclusion of material fact was refuted by defendants' affirmative matter that the sales condition had not been met, which plaintiff admitted. The fact that the sales condition had not been met, as required by the contract, was sufficient to negate plaintiff's cause of action. Hence, the trial court properly granted defendants' section 2—619 motion. See *Downers Grove Associates v. Red Robin International, Inc.* (1986), 151 Ill. App. 3d 310, 315-16.

Plaintiff also argues that dismissal was improper because a factual issue remained as to whether defendants waived the condition precedent to his salary increase when the new corporation was formed. Plaintiff contends the trial court's failure to resolve the issue requires a reversal. We disagree. Whether a contractual provision has been waived is a question of law to be determined by the court. (*Bennett & Kahnweiler Associates v. Ratner* (1985), 133 Ill. App. 3d 316, 321-22.) In ruling on defendants' motion to dismiss, the trial court noted that plaintiff raised this waiver argument in his response to the motion. After considering the evidence before it, including plaintiff's waiver argument, the trial court determined that defendants had not waived the condition precedent. Consequently, the trial court granted the section 2—619 motion, thereby dismissing plaintiff's complaint.

Based on the evidence presented to the trial court, we conclude that no disputed issue of material fact precluded involuntary dismissal. Therefore, the trial court properly granted defendants' motion to dismiss.

For the foregoing reasons, the order of the circuit court is affirmed.

Affirmed.

CAHILL, P.J., and HOFFMAN, J., concur.