MARIO SERRANO, Plaintiff-Appellant, v. CHICAGO BOARD OF EDUCATION, Defendant-Appellee (Republic Aluminum, Inc., Counterdefendant).

First District (3rd Division)   No. 1—92—2410

Opinion filed January 26, 1994.

Williams & Marcus, Ltd., of Chicago (Michael Fries, of counsel), for appellant.

Sandra Young and Courtney A. Bobosky, both of Purcell & Wardrope, Chartered, of Chicago, for appellee.

Judge & James, Ltd., of Park Ridge (Jay S. Judge and Kristine A. Karlin, of counsel), for *amicus curiae.*

JUSTICE GREIMAN delivered the opinion of the court:

In this personal injury action, plaintiff appeals the trial court's order dismissing count I of his complaint which alleged violations of the Structural Work Act (Ill. Rev. Stat. 1989, ch. 48, par. 60 *et seq.*).

The sole issue raised on appeal is whether plaintiff's claim under the Structural Work Act is barred by section 3—108(a) of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (Ill. Rev. Stat. 1989, ch. 85, par. 3—108(a)).

For the reasons which follow, we reverse the trial court's dismissal of plaintiff's count predicated on the Structural Work Act.

Defendant Chicago Board of Education (the Board) contracted with defendant Republic Aluminum, Inc. (Republic), to replace all the windows at a high school. In turn, Republic, which is not a party to this appeal, engaged Atlas Installation Company to perform the work. Plaintiff, an employee of Atlas Installation Company, subsequently sustained injuries after he fell from a window sill while removing old shutters from the outside of Tilden High School on September 11, 1990.

Plaintiff filed a two-count second amended complaint against defendants. Count II is premised on negligence and is not a part of this appeal.

Count I, the subject of this appeal, included the following allegations:

"1. That on and before September 11, 1990, Defendants, owned and/or were in charge of the erection, construction, repairs, alteration, removal and/or painting of a certain building ***.

* * *

4. That *** Defendants erected, constructed, placed or operated or caused to be erected, constructed, placed or operated, a certain ladder.
***

6. That at said time and place and prior thereto, Defendants were then and there guilty of wilful violations of Structural Work Act in one or more of the following ways:

a. Failed to erect a safe, suitable and proper temporary support for the protection of the Plaintiff and others like him; or

b. Failed to erect a safe, suitable and proper scaffold with guardrails in violation of 29 CFR 1926.451(a)(4)."

The Board filed a section 2—619 motion (Ill. Rev. Stat. 1989, ch. 110, par. 2—619) to dismiss count I on the ground that section 3—108(a) of the Tort Immunity Act barred plaintiff's Structural Work Act count against the Board. The trial court later granted the Board's motion and entered an order dismissing count I "without prejudice to replead after further discovery."

The issue presented by this appeal is whether a claim based on the Structural Work Act is barred by section 3—108(a) of the Tort Immunity Act.

Plaintiff asserts that the Board is not immune from liability predicated on wilful violations of the Structural Work Act because (1) construction work (*i.e.*, the activity in which plaintiff was engaged at the time of the injury) is not an "activity" which affords immunity to local public entities under section 3—108(a) of the Tort Immunity Act and (2) the "in charge of" element of a Structural Work Act claim does not give rise to immunity under section 3—108(a).

The Board contends that it is immune from liability for the negligent failure to supervise an activity on or the use of public property under section 3—108(a) of the Tort Immunity Act. In support of the Board's position, the Illinois Government Association of Pools filed an *amicus curiae* brief.

■ The Structural Work Act operates to protect workers who are engaged in particularly hazardous activities but is not intended to cover all construction work. (*Ralls v. Village of Glendale Heights* (1992), 233 Ill. App. 3d 147, 152, 598 N.E.2d 337.) A cause of action under the Structural Work Act requires a plaintiff to establish that

he was involved in a construction activity and was using a scaffold or other mechanical device, all of which must fit within the definitions and intended coverage of the Structural Work Act. (*Ralls*, 233 Ill. App. 3d at 152.) Furthermore, the plaintiff must then establish that (1) the scaffold or device was unsafe; (2) the unsafe condition caused the plaintiff's injury; (3) the defendant was in charge of the work at the time of the injury; and (4) the defendant wilfully violated the Structural Work Act. (*Ralls*, 233 Ill. App. 3d at 152.) The courts have required that the Structural Work Act be liberally construed to provide protection to workers. *E.g.*, *Ralls*, 233 Ill. App. 3d at 152; *Clark v. City of Chicago* (1980), 88 Ill. App. 3d 760, 764, 410 N.E.2d 1025.

The Tort Immunity Act, however, must be strictly construed against the local public entity because it is in derogation of the common law. *Curatola v. Village of Niles* (1993), 154 Ill. 2d 201, 208, 608 N.E.2d 882.

■ Section 3—108(a) of the Tort Immunity Act is entitled "Failure to supervise activity or use of property" and provides:

> "Except as otherwise provided by this Act and subject to subdivision (b) neither a local public entity nor a public employee is liable for an injury caused by a failure to supervise an activity on or use of any public property." Ill. Rev. Stat. 1989, ch. 85, par. 3—108(a).

The interplay between the Structural Work Act and the Tort Immunity Act has been addressed in two cases from other districts which reached different results.

In 1991, the third district (on which the Board relies) held that section 3—108(a) of the Tort Immunity Act barred an injured carpenter's cause of action against a county premised on the Structural Work Act. *Eiben v. E.J. Cattani & Sons, Inc.* (3d Dist. 1991), 217 Ill. App. 3d 609, 577 N.E.2d 882.

In 1992, the second district (on which plaintiff relies) expressly chose not to follow the holding in *Eiben* and instead allowed the Structural Work Act counts to stand where the plaintiff carpenter sustained personal injuries in a construction accident when a scaffold collapsed causing the carpenter to fall. *Eck v. McHenry County Public Building Comm'n* (2d Dist. 1992), 237 Ill. App. 3d 755, 604 N.E.2d 1109.

Unlike the court in *Eiben*, the *Eck* court considered the essential arguments presented in the instant appeal and analyzed these arguments based on the rules of statutory construction, the history of the Tort Immunity Act and the body of case law on the applicability of section 3—108(a) immunity and the liability of local public entities

for construction-related injuries under the Structural Work Act. Following its thorough analysis, the *Eck* court concluded that "where a local public entity engages in the supervision or oversight of a municipal construction project in accordance with a previously agreed upon plan or design of construction, that entity *** is not afforded immunity from liability under section 3—108(a) of the Tort Immunity Act." *Eck*, 237 Ill. App. 3d at 763.

The *Eck* court explained its position in part as follows:

"Although the plain language of section 3—108(a) could arguably include the failure to supervise construction activities, we do not believe that the legislature intended to immunize local public entities from liability for construction-related injuries brought under the Structural Work Act. If we were to adopt such a broad reading of section 3—108(a), the term 'activity' would engender activities clearly beyond what have been typically and historically regarded as governmental functions. In short, the exception (*i.e.*, immunity) would swallow the rule. Moreover, the existence of case law predating the 1986 amendment of the Tort Immunity Act and recognizing the right of an injured worker to maintain a cause of action against a local public entity based upon violations of the Structural Work Act suggests that had the legislature intended to confer immunity, it would have expressly provided for it in the statutory amendments. Because the Tort Immunity Act is in derogation of the common law, it must be strictly construed against a local public entity." *Eck*, 237 Ill. App. 3d at 761.

We find the well-reasoned *Eck* decision persuasive in the present case. Accordingly, we hold that plaintiff's Structural Work Act count is not barred by section 3—108(a) of the Tort Immunity Act and reverse the trial court's dismissal of count I of plaintiff's complaint.

Reversed and remanded.

TULLY, P.J., and CERDA, J., concur.