FRANK LEE SCOTT *et al.*, Indiv. and as Parents of Kevin Frank Scott, a Minor, Plaintiffs-Appellants, v. ROCKFORD PARK DISTRICT *et al.*, Defendants-Appellees.

Second District    No. 2—92—1454

Opinion filed June 23, 1994.

David W. Earnest, of Sachs, Earnest & Associates, Ltd., and Gregory R. Sun, both of Chicago, for appellants.

Brassfield, Cowan & Howard, of Rockford, for appellee Rockford Park District.

Daniel J. McGrail, Corporation Counsel, of Rockford, for appellee City of Rockford.

JUSTICE GEIGER delivered the opinion of the court:
The plaintiffs Frank Lee Scott and Gladys Scott (the parents),

individually and on behalf of the remaining plaintiff, their minor son Kevin Frank Scott (the son), brought this personal injury action against the defendants, Rockford Park District (the District) and the City of Rockford (the City). The plaintiffs appeal from the court's order of summary judgment in favor of the defendants. We affirm.

This action arose as a result of injuries suffered by the nine-year-old son when the bicycle he was riding allegedly struck a crack in the Kent Creek Bridge. According to an uncontroverted affidavit, Kent Creek runs in a generally north-south direction along the east boundary of Talcott Page Park, a Rockford public park used for recreational purposes. The bridge crosses the creek, and its west end connects to a paved north-south pathway in the park. The boy and his bicycle were thrown over the side of the bridge, which had side rails less than one foot high. The defendants have not denied the allegation that the bridge was a bike path bridge owned and maintained by both the District and the City.

According to the affidavit of the District's supervisor of support operations, on the date of the accident, the paved path and the Kent Creek Bridge were open to the public for recreational use, including hiking and bicycling. The supervisor also stated that the path and the bridge are neither a city, town, or village street nor a city, town, county, State, Federal, or other road district highway. According to the affidavit, the bridge provided access from the park's corner for persons using the recreational path and the recreational facilities in the park.

The plaintiffs filed their amended complaint, bringing both negligent tort and intentional tort claims against both defendants individually. The parents claimed damages specifically for the son's injury and also for their own related damages. With reference to section 3—106 of the Local Governmental and Governmental Employees Tort Immunity Act (the Tort Immunity Act or the Act) (745 ILCS 10/3—106 (West 1992)), the court granted the District's motion to dismiss negligence counts I and II against it. The court's grant of that motion is not on appeal.

After the court dismissed counts I and II, each defendant brought a motion for summary judgment (735 ILCS 5/2—1005 (West 1992)) on the remaining counts. Both defendants relied on tort immunity under section 3—107 of the Act (745 ILCS 10/3—107 (West 1992)). Following hearings, the court granted the defendants summary judgment. This appeal followed.

In this appeal, the plaintiffs argue that the trial court erroneously found that the defendants were entitled to section 3—107 tort immunity. They argue that section 3—107 applies only to wilderness

areas, and not to areas such as Kent Creek Bridge or the nearby Talcott Page Park, with their extensive improvements. They also argue that Kent Creek Bridge is neither "a road that provides access to fishing, hunting or primitive camping areas, recreational or scenic areas" nor "a hiking, riding, fishing or hunting trail."

■ Directly at issue are the provisions of sections 3—106 and 3—107 of the Act. Section 3—106 provides that absent willful and wanton conduct proximately causing the injury, a local public entity is not liable for injury "where the liability is based on the existence of a condition of any public property intended or permitted to be used for recreational purposes, including but not limited to parks, playgrounds, open areas, buildings or other enclosed recreational facilities." (745 ILCS 10/3—106 (West 1992).) Section 3—107 provides local governmental immunity for "an injury caused by a condition of: (a) Any road which provides access to fishing, hunting, or primitive camping, recreational, or scenic areas and which is not a (1) city, town or village street, (2) county, state or federal highway or (3) a township or other road district highway. (b) Any hiking, riding, fishing or hunting trail." 745 ILCS 10/3—107 (West 1992).

In reviewing a trial court's grant of summary judgment, we consider all grounds urged and facts revealed in the pleadings, together with all depositions, admissions on file, and any affidavits, to determine if there is a genuine issue of material fact and, if not, whether the movant was entitled to summary judgment as a matter of law. (735 ILCS 5/2—1005 (West 1992); *Kirnbauer v. Cook County Forest Preserve District* (1991), 215 Ill. App. 3d 1013, 1016-17.) We will affirm if the decision to grant summary judgment is justified by a reason appearing in the record. *Kirnbauer*, 215 Ill. App. 3d at 1017.

Our review of the court's order initially requires statutory interpretation of whether section 3—107 provides the defendants immunity in this case. It is a primary rule of statutory interpretation that the intent of the legislature should be ascertained and given effect. (*Maske v. Kane County Officers Electoral Board* (1992), 234 Ill. App. 3d 508, 512.) To do so, a court will first look to the language of the statute as a whole, considering its various parts. (*Antunes v. Sookhakitch* (1992), 146 Ill. 2d 477, 484.) The best source of the legislative intent usually appears from a consideration of the statute's language. (*Village of Woodridge v. County of Du Page* (1986), 144 Ill. App. 3d 953, 955.) The words in the statute are to be given their ordinary meaning, and if the legislative intent can be ascertained therefrom, the language prevails. *Woodridge*, 144 Ill. App. 3d at 955.

In the initial portion of their first argument on appeal, the plaintiffs refer solely to a law review article. According to the article's

author, although tort immunity statutes for park districts are generally to be criticized, section 3—107 has a supportable legislative purpose of preserving such property in its natural state. (See Comment, *Illinois Tort Claims Act: A New Approach to Municipal Tort Immunity in Illinois*, 61 Nw. U.L. Rev. 265 (1966).) The plaintiffs then emphasize the chain link fences, the asphalt and concrete paths, and the park operations buildings in the area of the son's injury and conclude that section 3—107 did not apply here because the view of the park was already cluttered and because additional fences, for example chain link fencing to protect the sides of the bridge, would not further detract from the view.

In the second section of their first argument, the plaintiffs refer to the requirement that any statute be interpreted as a whole. (See *Antunes*, 146 Ill. 2d at 484.) They then consider the language of section 3—106 together with that of section 3—107. In doing so, they emphasize that section 3—106 addresses *all* property used for recreational purposes but does not provide immunity for willful and wanton conduct. They also emphasize the difference in the language that the two sections use to describe covered areas.

The plaintiffs assert that to reach a construction where sections 3—106 and 3—107 have meanings that are consistent and harmonious with each other, one must conclude that Talcott Page Park and Kent Creek Bridge, because they are clearly covered by section 3—106, are not contemplated to be covered by section 3—107. Their conclusion includes the observation that those sites contain "virtually all the items listed in § 3—106 (parks, playgrounds, open areas for softball and hardball and picnic areas), and none of the items listed in § 3—107 (no lake, fishing or horseback riding)." In another assertion as to how this property in question does not allow for section 3—107 immunity for the defendants, the plaintiffs emphasize the son's use of the property leading to his injury: the record is clear that he was not on any particular "wilderness mission" but, rather, riding his bicycle to buy snacks at a store not associated with the park, crossing the bridge to do so.

■ We agree with the defendants that the bulk of the plaintiffs' argument is either irrelevant or not compelling. Considering the plain language of sections 3—106 and 3—107, we find it clear, without resorting to methods of statutory construction, that the primary distinction that the legislature intended to draw in drafting the respective sections of the Act was between, on the one hand, recreation areas (745 ILCS 10/3—106 (West 1992)) and, on the other hand, (a) roads, other than streets and highways, used to access recreation areas; and (b) trails (745 ILCS 10/3—107 (West 1992)). We find no

conflict in the legislature's determination that local entities should be immune from liability only for negligent actions connected with the broader category of properties covered in section 3—106 while they would receive full immunity covering the trail and access-road properties covered in section 3—107. We also are aware of no clear indication or persuasive authority that the "access roads" to be covered in subsection (a) would be limited to those providing access to wilderness areas.

By its own language, section 3—107 covers "[a]ny hiking, riding, fishing or hunting trail" (745 ILCS 10/3—107(b) (West 1992)) *or*, alternatively, nonexcluded roads providing "access to fishing, hunting, or primitive camping, recreational, or scenic areas" (745 ILCS 10/3—107(a) (West 1992)). We examine the plain language of section 3—107(a) and find that it unambiguously grants full immunity for access roads to fishing, hunting, primitive camping areas, recreational areas, and scenic areas. (See *Woodridge*, 144 Ill. App. 3d at 955.) Given the absence of any statutory ambiguity, our analysis stops there; we need not resort to any rules of construction. (See *People v. Fitzpatrick* (1994), 158 Ill. 2d 360, 364-65.) Thus, we do not implement the rule of construction by which the Tort Immunity Act, because it is in derogation of the common law, is strictly construed against the public entity. *Cf. Kirnbauer*, 215 Ill. App. 3d at 1017.

In the conclusion of their argument, the plaintiffs assert, without any citation to authority, that at the least, there remained a factual question to defeat summary judgment. We find none.

Initially, we note that the record includes no issue on whether the bridge here is among the types of "street" or "highway" excluded from the access roads to be granted coverage under subsection (a). We also find there is no question of fact as to the "rustic" nature in the bridge or its uses; the subsection's requirement of "primitiveness" clearly does not apply to the nature of access roads but, rather, to any camping areas thereby provided access. Furthermore, the relevant access in this case is that which the bridge unquestionably provides to Talcott Page Park; no question of fact has been raised as to whether that park, with its playground and picnic facilities, is a "recreational area." Lastly, we note that the bridge uncontrovertedly connects directly to a municipal street and to park maintenance facilities and that it is used for motorized travel. Further, for failure to raise the argument in the trial court, the plaintiffs have waived the question of whether the bridge is covered by section 3—107's term "road which provides access." (See *Harbor Insurance Co. v. Arthur Andersen & Co.* (1986), 149 Ill. App. 3d 235, 240.) We find no question of material fact.

Given the full immunity provided by the legislature in the unambiguous language of section 3—107(a), and since we find no genuine issue of material fact (see *Kirnbauer*, 215 Ill. App. 3d at 1017), we affirm the judgment of the circuit court of Winnebago County. Having determined to affirm on that basis, we need not address the defendants' alternative arguments for affirmance.

Affirmed.

INGLIS, P.J., and McLAREN, J., concur.