644 N.E.2d 835 (1994)
268 Ill. App.3d 783
206 Ill.Dec. 67
Thomas O. PAYNE et al., indiv. and as next friends of Stephen W. Payne, a minor et al., Plaintiffs-Appellants,
v.
LAKE FOREST COMMUNITY HIGH SCHOOL DISTRICT 115 et al., Defendants-Appellees.
No. 2-94-0224.
Appellate Court of Illinois, Second District.
December 30, 1994.
*836 Patrick A. Salvi, Terrence S. Carden, Law Offices of Patrick A. Salvi, Waukegan, for Heather L. Berg, Linda L. Berg, Robert G. Berg, Carol R. Payne, Stephen W. Payne, Thomas O. Payne.
Karen Wilson Howard, Wayne F. Plaza, Rooks, Pitts & Poust, Chicago, for Tim Chott, Lake Forest Community H.S.
Justice THOMAS delivered the opinion of the court:
The plaintiffs, Thomas O. Payne and Carol R. Payne, individually and as the next friends of Stephen W. Payne, a minor, and Robert G. Berg and Linda L. Berg, individually and as the next friends of Heather L. Berg, a minor, appeal from the order of the circuit court of Lake County which dismissed certain counts of their complaint pursuant to section 2-619(a)(9) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(9) (West 1992)). The issue on appeal is whether the immunity that section 3-108(a) of the Local Governmental and Governmental Employees Tort Immunity Act (Act) (745 ILCS 10/3-108(a) (West 1992)) provides is absolute or whether it allows claims alleging wilful and wanton conduct. We affirm.
The plaintiffs' eight-count complaint alleged that Stephen and Heather were students at Lake Forest High School and were working on the set and lighting for a school talent show. Defendant Tim Chott, an employee of defendant Lake Forest Community High School District 115, was supervising their work. Stephen and Heather, along with several other students, were standing on a catwalk that was behind the school's auditorium stage. The catwalk collapsed, and Stephen and Heather suffered severe injuries.
Counts II, IV, VI, and VIII of the complaint alleged that Chott's conduct was wilful and wanton in that he allowed an excessive number of people to be on the catwalk knowing that the catwalk could support only two people and would collapse under excess weight, failed to attach support legs to the catwalk to provide additional support, and failed to warn the students of the danger of overloading the catwalk. Pursuant to section 2-619(a)(9) of the Code of Civil Procedure, defendants moved to dismiss these counts of the complaint. Defendants claimed that section 3-108(a) of the Act immunized them from tort liability for injuries to students that occur on school property as a result of improper supervision.
The trial court granted defendants' motion, finding that, although the complaint adequately pleaded wilful and wanton conduct on the part of defendants, section 3-108(a) immunized defendants from liability for injuries arising from such conduct. The trial court ordered that there was no just reason for delaying either the enforcement or an appeal of its order dismissing with prejudice counts II, IV, VI, and VIII of the complaint. Defendants timely appealed pursuant to Supreme Court Rule 304(a). Official Reports Advance Sheet No. 26 (December 22, 1993), R. 304(a), effective February 1, 1994.
The purpose of a section 2-619 motion is to provide a means to dispose of issues of law or easily proved issues of fact. (Nikolic v. Seidenberg (1993), 242 Ill.App.3d 96, 98, 182 Ill.Dec. 753, 610 N.E.2d 177.) Here, the ground advanced for dismissing the complaint is that the claims asserted therein are barred by other affirmative matter that defeats the claim. (735 ILCS 5/2-619(a)(9) (West 1992).) "Affirmative matter" includes a defense that completely negates the asserted causes of action. (Asher v. Farb Systems, Inc. (1993), 256 Ill.App.3d 792, 794, 196 Ill. Dec. 508, 630 N.E.2d 443.) The motion should be granted and the complaint dismissed if, after construing the allegations in the complaint in the light most favorable to the plaintiff, no set of facts can be proved which would entitle the plaintiff to recover. (Nikolic, 242 Ill.App.3d at 98-99, 182 Ill.Dec. 753, 610 N.E.2d 177.) When reviewing the propriety of the trial court's decision to grant a section 2-619 motion, the reviewing court must accept as true all well-pleaded facts alleged in the complaint. (Wood v. Village of Grayslake (1992), 229 Ill.App.3d 343, 348, 170 Ill.Dec. 590, 593 N.E.2d 132.) Therefore, the reviewing court is concerned solely with a question of law and should review the trial court's ruling de novo. Nikolic, 242 Ill. *837 App.3d at 99, 182 Ill.Dec. 753, 610 N.E.2d 177.
The defense relied upon here is the immunity provided for in section 3-108(a) of the Act. That section states that "neither a local public entity nor a public employee is liable for an injury caused by a failure to supervise an activity on or the use of any public property." (745 ILCS 10/3-108(a) (West 1992).) The Lake Forest Community High School District 115 falls within the statutory definition of a "local public entity." (See 745 ILCS 10/1-206 (West 1992).) Plaintiff argues that section 3-108(a) does not shield local public entities and their employees from liability for injuries that their wilful and wanton conduct causes.
The primary rule of statutory construction is to ascertain and give effect to the intent of the legislature. (Bonaguro v. County Officers Electoral Board (1994), 158 Ill.2d 391, 397, 199 Ill.Dec. 659, 634 N.E.2d 712.) We must determine this intent from the language of the statute, and the statute should be evaluated as a whole, with each provision construed in connection with every other section. (Bonaguro, 158 Ill.2d at 397, 199 Ill.Dec. 659, 634 N.E.2d 712.) If the language of the statute is clear, the court must give it effect without turning to other statutory construction aids. Solich v. George & Anna Portes Cancer Prevention Center of Chicago, Inc. (1994), 158 Ill.2d 76, 81, 196 Ill.Dec. 655, 630 N.E.2d 820.
There are cases in which the courts have analyzed, in connection with a discussion of the section 3-108(a) immunity, whether the plaintiff sufficiently demonstrated wilful and wanton conduct on the part of the defendant. (See Gilmore v. City of Zion (1992), 237 Ill.App.3d 744, 750-52, 178 Ill.Dec. 671, 605 N.E.2d 110; Jackson v. Chicago Board of Education (1989), 192 Ill.App.3d 1093, 1099-1101, 140 Ill.Dec. 178, 549 N.E.2d 829; Keller v. Board of Education of Jonesboro School District 43 (1978), 68 Ill.App.3d 7, 9-10, 24 Ill.Dec. 644, 385 N.E.2d 785.) However, the courts in those cases appear simply to have assumed, without providing analysis, that a plaintiff may bypass the section 3-108(a) immunity by alleging wilful and wanton conduct. Therefore, those cases are not instructive.
On the other hand, cases such as Gapinske v. Town of Condit (1993), 250 Ill.App.3d 1045, 189 Ill.Dec. 334, 619 N.E.2d 1383, are highly instructive. There, the court interpreted section 3-104 of the Act, which provides immunity from liability for injuries occasioned by a failure to provide traffic control signals and signs. The court held that section 3-104 immunizes not only negligent conduct, but also wilful and wanton conduct. (Gapinske, 250 Ill.App.3d at 1050, 189 Ill.Dec. 334, 619 N.E.2d 1383; see also Wood, 229 Ill.App.3d at 354, 170 Ill.Dec. 590, 593 N.E.2d 132.) The Gapinske court based its holding on the absence of language limiting the immunity to negligent conduct and the legislature's ability to provide such limiting language when it intends to do so. (Gapinske, 250 Ill.App.3d at 1050, 189 Ill.Dec. 334, 619 N.E.2d 1383.) The court held out as an example section 3-106 of the Act, which contains an explicit exception for wilful and wanton conduct (see 745 ILCS 10/3-106 (West 1992)). Gapinske, 250 Ill.App.3d at 1050, 189 Ill.Dec. 334, 619 N.E.2d 1383.
A similar result obtained in Carter v. City of Elmwood (1987), 162 Ill.App.3d 235, 113 Ill.Dec. 606, 515 N.E.2d 415. There, the court considered whether section 2-205 of the Act barred the plaintiff's claims, even though his complaint alleged wilful and wanton conduct. The court noted that, unlike other sections of the Act, section 2-205 did not contain language relating to wilful and wanton conduct. (Carter, 162 Ill.App.3d at 237, 113 Ill.Dec. 606, 515 N.E.2d 415.) The court relied upon the plain language of the statute and concluded that section 2-205 demonstrated a legislative intent to confer absolute immunity. (Carter, 162 Ill.App.3d at 237, 113 Ill.Dec. 606, 515 N.E.2d 415.
Similarly, in Scott v. Rockford Park District (1994), 263 Ill.App.3d 853, 201 Ill.Dec. 643, 636 N.E.2d 1075, we recognized, in dicta, that the absence of any language in section 3-107 of the Act relating to wilful and wanton conduct reveals that the legislature intended to provide full immunity for injuries occurring on certain roads providing access to recreational areas. (Scott, 263 Ill.App.3d *838 at 856-857, 201 Ill.Dec. 643, 636 N.E.2d 1075.) Most recently, in Barnett v. Zion Park District (2d Dist.1994), 267 Ill.App.3d 283, 204 Ill.Dec. 791, 795, 642 N.E.2d 492, 496, we recognized in dicta that section 3-108(b), which likewise contains no language regarding wilful and wanton conduct, provides immunity for such conduct. The Barnett court concluded by urging the legislature to consider enacting a clause excepting wilful and wanton behavior from the protection of the immunity.
Although Carter, Gapinske, and Scott analyzed different sections of the Act and Barnett a different subsection, the reasoning of those cases applies here with equal force. Unlike other sections of the Act (see 745 ILCS 10/2-202, 3-106, 3-109(c)(2) (West 1992)), notably absent from section 3-108(a) is language excepting wilful and wanton conduct from the scope of immunity that this section provides. We are therefore constrained to conclude that section 3-108(a) unambiguously grants immunity from liability that would otherwise arise from a wilful and wanton failure to supervise an activity occurring on public property. In so holding, we are mindful that the unconditional language of this section exonerates arguably wilful and wanton behavior with potentially devastating results for injured plaintiffs. Accordingly, we urge the General Assembly to consider a revision to section 3-108(a) excepting wilful and wanton behavior from its immunity.
Plaintiffs are correct that, because the Act is in derogation of the common law, we must strictly construe its provisions against the local public entity. (Scott, 263 Ill.App.3d at 857, 201 Ill.Dec. 643, 636 N.E.2d 1075.) However, when a statute is unambiguous, a court is not free to depart from its plain language and read into the statute exceptions, limitations, or conditions. (Kraft, Inc. v. Edgar (1990), 138 Ill.2d 178, 189, 149 Ill.Dec. 286, 561 N.E.2d 656.) Because section 3-108(a) clearly provides full immunity, we may not engraft onto it an exception for wilful and wanton conduct.
Plaintiffs cite to several cases and claim that these cases support their argument that the section 3-108(a) immunity does not extend to wilful and wanton conduct. Doe v. Calumet City (1994), 161 Ill.2d 374, 204 Ill. Dec. 274, 641 N.E.2d 498, is inapposite. There, the court's discussion centered around section 2-202 of the Act, which contains an explicit exception for wilful and wanton conduct. (Doe, 161 Ill.2d at 388-90, 204 Ill.Dec. 274, 641 N.E.2d 498.) The Doe court merely recognized that a plaintiff seeking to bypass the immunities provided for in sections 4-102 and 4-107 of the Act may rely either upon the judicially created special duty exception or the exception in section 2-202 for wilful and wanton conduct. (Doe, 161 Ill.2d at 388-90, 204 Ill.Dec. 274, 641 N.E.2d 498.) Neither exception has any application here.
Plaintiffs also call our attention to Serrano v. Chicago Board of Education (1994), 257 Ill.App.3d 888, 196 Ill.Dec. 86, 629 N.E.2d 631, and Eck v. McHenry County Public Building Comm'n (1992), 237 Ill.App.3d 755, 178 Ill.Dec. 586, 604 N.E.2d 1109. Those cases held that, when a local public entity supervises a municipal construction project in accordance with a previously agreed upon construction plan, section 3-108(a) does not provide immunity from liability in actions commenced pursuant to the Structural Work Act. Serrano, 257 Ill.App.3d at 892, 196 Ill.Dec. 86, 629 N.E.2d 631; Eck, 237 Ill. App.3d at 763, 178 Ill.Dec. 586, 604 N.E.2d 1109.
Plaintiffs are correct that these cases demonstrate that section 3-108(a) does not provide blanket immunity for all supervisory activities. However, in reaching their decisions, the courts in Serrano and Eck relied upon the traditional distinction between liability for ministerial as opposed to discretionary acts. (Serrano, 257 Ill.App.3d at 892, 196 Ill.Dec. 86, 629 N.E.2d 631; Eck, 237 Ill.App.3d at 761-63, 178 Ill.Dec. 586, 604 N.E.2d 1109.) Serrano and Eck also characterized the construction activities at issue in those cases as being clearly beyond what have been typically regarded as governmental functions. (Serrano, 257 Ill.App.3d at 892, 196 Ill.Dec. 86, 629 N.E.2d 631; Eck, 237 Ill.App.3d at 761, 178 Ill.Dec. 586, 604 N.E.2d 1109.) We fail to see how the principles of Serrano and Eck have any application here, especially where the language of the Act *839 reveals an overwhelmingly clear intent to provide immunity for a wilful and wanton failure to supervise activities on public property. Because a plaintiff may not avoid the immunity of section 3-108(a) by pleading wilful and wanton conduct, the trial court properly dismissed counts II, IV, VI, and VIII of plaintiffs' complaint.
For the foregoing reasons, we affirm the judgment of the circuit court of Lake County.
Affirmed.
INGLIS, P.J., and GEIGER, J., concur.