Nos. 2--96--0695, 2--96--0916 cons.

                                                                         

                                  IN THE

                        APPELLATE COURT OF ILLINOIS

                              SECOND DISTRICT

MARY JANE JOST, Adm'r of the     )  Appeal from the Circuit Court

Estate of Susan Schultz,         )  of Lake County.

Deceased, and W.A. JOST, Father )

and Surviving Heir of Susan      )

Schultz, Deceased,               )

                                 )

     Plaintiffs-Appellants,      )

                                 )

v.                               )  No. 95--L--1612  

                                 )

DOUGLAS G. BAILEY; SHARON        )  

CRANSTON; STEVEN O. PFOSER;      )  

RICHARD A. SHEEHAN, d/b/a        )

Fatman Inn; NORTHEASTERN         )

ILLINOIS ASSOCIATION OF          )

SNOWMOBILE CLUBS,                )

                                 )

     Defendants                  )

                                 )

(The County of Lake and Lake     )  

County Forest Preserve           )  Honorable

District, Defendants-            )  Stephen E. Walter,

Appellees).                      )  Judge, Presiding.

     PRESIDING JUSTICE GEIGER delivered the opinion of the court:

     The plaintiffs, Mary Jane Jost, as administrator of the estate

of Susan Schultz, deceased, and W.A. Jost, as father and surviving

heir of the deceased, appeal from the judgment of the circuit court

of Lake County dismissing their wrongful death and survival actions

against the defendants, the County of Lake, Illinois (the County)

and the Lake County Forest Preserve District (the Forest Preserve). 

The plaintiffs' second amended complaint alleged that the County

and the Forest Preserve were negligent and wilful and wanton in

their approval of a dangerous and unsafe snowmobile trail.  On

April 23, 1996, the trial court dismissed the action on the basis

that the County and the Forest Preserve were immunized by section

5--1(N) of the Snowmobile Registration and Safety Act (the

Snowmobile Act) (625 ILCS 40/5--1(N) (West 1994)) and section 3--

109 of the Local Governmental and Governmental Employees Tort

Immunity Act (the Tort Immunity Act) (745 ILCS 10/3--109 (West

1994)).  We affirm and remand the cause.

     Prior to a discussion of the facts of this case, we note that

the County has filed a motion to strike certain portions of the

plaintiffs' brief pursuant to Supreme Court Rules 361 (155 Ill. 2d

R. 361) and 341(e)(6) (155 Ill. 2d R. 341(e)(6)).  The County

argues that the plaintiffs' statement of facts contains references

to allegations that were not considered by the trial court in

ruling on the motions to dismiss the second amended complaint. 

Contrary to the County's assertions, however, our review of the

plaintiffs' brief reveals that all of the allegations contained in

the statement of facts were also alleged in the second amended

complaint.  Therefore, the County's motion to strike is denied.

     The plaintiffs' second amended complaint contains the

following allegations:  On January 22, 1995, the plaintiffs'

decedent was riding as a passenger on a snowmobile operated by

Stephen Pfoser.  At approximately 10 p.m., the decedent and Pfoser

were crossing over the Des Plaines River on the Russell Road bridge

in Newport Township, Lake County.  This particular bridge is owned

and maintained by the County.  Pfoser was operating his snowmobile

in a westerly direction along the south shoulder of the bridge,

traveling against the oncoming motor vehicle traffic.

     As Pfoser and the decedent crossed the bridge, their

snowmobile was struck by an eastbound motor vehicle being operated

by Douglas Bailey and owned by Sharon Cranston.  Prior to the

collision, Bailey had consumed alcoholic beverages at the "Fatman

Inn," which is a dramshop owned and operated by Richard Sheehan. 

The collision occurred when Bailey drove his vehicle out of the

eastbound lane and onto the paved shoulder located on the south

side of the bridge.  The decedent died as a result of the injuries

she suffered during the collision.

     At the time of the accident, Pfoser was following a snowmobile

trail that had been marked by the Northeastern Illinois Association

of Snowmobile Clubs (NIASC) and approved by the County and the

Forest Preserve.  NIASC marked the trail by placing signs and

directional indicators on the Forest Preserve property adjacent to

the bridge.  These signs and markings directed westbound

snowmobiles to cross the bridge on the wrong side of the road,

against oncoming traffic.  Such a route is expressly prohibited

under the safety provisions of the Snowmobile Act.  See 625 ILCS

40/5--2(B) (West 1994).

     On February 24, 1995, the plaintiffs filed a nine-count

wrongful death and survival action, naming Bailey, Cranston,

Pfoser, and Sheehan as defendants.  On March 2, 1995, the

plaintiffs filed an amended complaint which added the County and

NIASC as defendants.  On December 19, 1995, the plaintiffs filed a

second amended complaint which added the Forest Preserve as a

defendant.

     The only counts at issue on appeal are those directed against

the County and the Forest Preserve.  These counts allege negligence

and wilful and wanton misconduct on the part of the County and the

Forest Preserve in approving the NIASC trail.  The plaintiffs

contend that the defendants knew or should have known that

directing snowmobiles to travel against motor vehicle traffic would

result in serious bodily harm or death.  The plaintiffs also allege

that the defendants breached their duty of care to the plaintiffs

by permitting the NIASC trail to exist on their property for two

years, even though the trail route was in violation of the safety

provisions of the Snowmobile Act (625 ILCS 40/5--2(B) (West 1994)).

     On January 25, 1996, and February 26, 1996, respectively, the

County and the Forest Preserve filed motions to dismiss the second

amended complaint pursuant to sections 2--615 and 2--619 of the

Code of Civil Procedure (735 ILCS 5/2--615, 2--619 (West 1994)). 

In their motions, the defendants argued, inter alia: (1) that,

pursuant to  section 5--1(N) of the Snowmobile Act, they owed no

duty to keep their property safe for snowmobiles; (2) that,

pursuant to section 3--109(a) of the Tort Immunity Act, they owed

no duty to individuals participating in an ultrahazardous activity;

(3) that, pursuant to section 2--103 of the Tort Immunity Act (745

ILCS 10/2--103 (West 1994), they could not be held liable for the

approval of the trail; (4) that their conduct was not the proximate

cause of the decedent's injuries and death; and (5) that the

plaintiffs did not allege facts sufficient to support an action for

wilful and wanton misconduct.

     In response to the motions, the plaintiffs argued: (1) that

once the County and the Forest Preserve voluntarily undertook to

approve the trail, they assumed the duty to act with reasonable

care; (2) that the immunities provided under the Tort Immunity Act

do not apply in instances where the governmental entity created the

hazard that caused the injury; (3) that snowmobiling could not be

considered an "ultrahazardous activity"; (4) that the immunity

provisions of the Snowmobile Act are unconstitutional; and (4)

that, pursuant to section 9--103 of the Tort Immunity Act (745 ILCS

10/9--103 (West 1994), the Forest Preserve had waived all

immunities by requiring NIASC to procure an insurance liability

policy which named it as an additional insured.

     On April 23, 1996, following a hearing on the motions, the

trial court entered the following findings:

     "a.  Plaintiffs *** have failed to sufficiently allege facts

     to support their claim of a duty owed them by the County, [or]

     the Forest Preserve, *** whether premised on voluntary

     undertaking or otherwise.

     b.   The allegations of the Plaintiffs *** are insufficient to

     support a claim of willful and wanton conduct by the County or

     by the Forest Preserve.

     c.   There has been no waiver of immunity by the Forest

     Preserve *** under section 2--103 of the Tort Immunity Act.

     d.   Section 5--1(N) of the Snowmobile Act provides an

     absolute immunity to the County and the Forest Preserve.

     e.   Section 5--1(N) of the Snowmobile Act is constitutional.

     f.   As a matter of law, the alleged conduct of the County and

     the Forest Preserve *** does not constitute the proximate

     cause of the plaintiff's injuries as the condition allegedly

     created by those defendants was superseded by the criminal

     conduct of a third party."

     The trial court then granted both motions to dismiss pursuant to

section 5--1(N) of the Snowmobile Act and section 3--109 of the Tort

Immunity Act.  On May 16, 1996, the trial court entered an order,

pursuant to Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)),

making its order dismissing the County final and appealable.  On

June 28, 1996, the trial court entered a similar order in regard to

its dismissal of the Forest Preserve.  The plaintiffs filed timely

notices of appeal as to both rulings.  On August 16, 1996, this

court entered an order consolidating the appeals.

     The standards regarding our review of an order which grants a

section 2--615 motion (735 ILCS 5/2--615 (West 1994)) or a section

2--619 motion (735 ILCS 2--619 (West 1994)) are well established. 

When considering the sufficiency of a complaint under section 2--

615, the reviewing court must determine whether the allegations in

the complaint, when construed in the light most favorable to the

plaintiff, are sufficient to set forth a cause of action upon which

relief may be granted.  Burdinie v. Village of Glendale Heights, 139

Ill. 2d 501, 505 (1990).  When reviewing a section 2--619 dismissal,

the question on appeal is whether the existence of a genuine issue

of material fact should have precluded the dismissal, or absent such

an issue of fact, whether dismissal is proper as a matter of law.

Moon v. Smith, 276 Ill. App. 3d 958, 962 (1995).    

     Although the trial court granted the defendants' motions to

dismiss on several grounds, we believe that section 5--1(N) of the

Snowmobile Act controls our disposition on appeal.  Section 5--1(N)

provides as follows:

          "N.  Notwithstanding any other law or Section of this Act

     to the contrary, the State and any political subdivision or

     municipality thereof owes no duty of care to keep the premises

     safe for entry or use by others for snowmobiling or to guard

     against or give warnings of any condition, use, structure or

     activity on property in which the State and any political

     subdivision or municipality thereof has any interest."  625

     ILCS 40/5--1(N) (West 1994).

     We are aware of no Illinois court that has considered the meaning

and effect of this particular section of the Snowmobile Act.  The

County and the Forest Preserve argue that the plain language of

this section provides them absolute immunity from any suit arising

from a snowmobile injury occurring on their property, including

suits alleging wilful and wanton misconduct.

     The primary rule of statutory construction is to ascertain

and give effect to the intent of the legislature.  Johnson v.

Mers, 279 Ill. App. 3d 372, 381 (1996).  We must determine this

intent from the language of the statute, and the statute must be

evaluated as a whole.  Payne v. Lake Forest Community High School

District 115, 268 Ill. App. 3d 783, 785 (1994).  If the language

of the statute is clear, the court will give it effect without

turning to other statutory construction aids.  Payne, 268 Ill.

App. 3d at 785.

      The plain language of section 5--1(N) appears to provide

absolute immunity to governmental entities, as it does not contain

any exceptions to immunity for voluntary undertakings or wilful and

wanton misconduct.  A review of the Snowmobile Act reveals that,

when the General Assembly intended to create an exception to the

immunities afforded, it specifically expressed that intent with

language stating the particular conduct to be excepted from

immunity.  For example, in section 5--1(I) of the Snowmobile Act,

the General Assembly provided:

          "I.  Notwithstanding any other law to the contrary, an

     owner, lessee, or occupant of premises owes no duty of care to

     keep the premises safe for entry or use by others for

     snowmobiling, or to give warning of any condition, use,

     structure or activity on such premises. ***  Nothing in this

     section limits in any way liability which otherwise exists for

     willful or malicious failure to guard or warn against a

     dangerous condition, use, structure, or activity."  (Emphasis

     added.)  625 ILCS 40/5--1(I) (West 1994).

     The absence of language excepting voluntary undertakings or wilful

and wanton misconduct from immunity in section 5--1(N), where such

language is contained in other sections of the same act,

demonstrates the General Assembly's intention that there be no

exceptions to the immunity provided by section 5--1(N).  See Carter

v. City of Elmwood, 162 Ill. App. 3d 235, 237 (1987).  We also note

that the plaintiffs concede in their appellate brief that the

language of section 5--1(N) appears to grant absolute immunity in

all circumstances.

     Furthermore, this conclusion is in harmony with the manner in

which this court construed the immunity provisions contained in the

Tort Immunity Act.  We have consistently held that the immunities

provided by the Tort Immunity Act are absolute unless the

legislature provided language which expressly limited the scope of

the immunity.  See Johnson v. Mers, 279 Ill. App. 3d 372, 381

(1996) (interpreting 745 ILCS 10/2--201 (West 1992)); Payne v. Lake

Forest Community High School District 115, 268 Ill. App. 3d 783,

787 (1994) (interpreting 745 ILCS 10/3--108(a) (West 1992)); Scott

v. Rockford Park District, 263 Ill. App. 3d 853, 856-57 (1994)

(interpreting 745 ILCS 10/3--107(a) (West 1992)).  We therefore

conclude that section 5--1(N) of the Snowmobile Act completely

immunizes the County and the Forest Preserve from the allegations

contained in the plaintiffs' second amended complaint.

     Additionally, we note that, even if the defendants were not

immunized under the Snowmobile Act, the plaintiffs' allegations 

could still not withstand dismissal.  We agree with the trial court

that the alleged "approval" of the NIASC trail, standing alone,

would not amount to the sort of conduct necessary to establish a

voluntary undertaking or wilful and wanton misconduct.  See

generally Cwik v. Forest Preserve District of Cook County, 131 Ill.

App. 3d 1097, 1099 (1985); Lerma v. Rockford Blacktop Construction

Co., 247 Ill. App. 3d 567, 572-73 (1993).  Furthermore, pursuant to

section 2--103 of the Tort Immunity Act (745 ILCS 10/2--103 (West

1994)), the defendants are "not liable for an injury caused by

adopting or failing to adopt an enactment or by failing to enforce

any law."  The County's and the Forest Preserve's act of approving

the NIASC trail would therefore also be immunized under this

section.

     The plaintiffs' next argument on appeal is that section 5--

1(N) of the Snowmobile Act is unconstitutional.  The plaintiffs

argue that section 5--1(N) violates the "certain remedy" provision

of article I, section 12, of the Illinois Constitution, which 

provides:

          "Every person shall find a certain remedy in the laws for

     all injuries and wrongs which he receives to his person,

     privacy, property or reputation.  He shall obtain justice by

     law, freely, completely, and promptly."  Ill. Const. 1970,

     art. I, §12.

     The plaintiffs argue that to grant absolute governmental immunity

in all circumstances is irreconcilable with this constitutional

provision.

     We are aware of no court that has addressed the

constitutionality of section 5--1(N) of the Snowmobile Act.  At the

outset, we note that all legislative enactments carry a strong

presumption of constitutionality (Bernier v. Burris, 113 Ill. 2d

219, 227 (1986)), and all doubts must be resolved in favor of their

validity (Harris v. Manor Healthcare Corp., 111 Ill. 2d 350, 368

(1986)).  Accordingly, the burden rests upon the plaintiffs, as the

challenging parties, to rebut this presumption.  People v. Bales,

108 Ill. 2d 182, 188 (1985).

     In Ostergren v. Forest Preserve District, 104 Ill. 2d 128

(1984), our supreme court considered the constitutionality of a

different provision of the Snowmobile Act, section 5--1(I) (625

ILCS 40/5--1(I) (West 1994)).  In Ostergren, a snowmobiler sought

damages for injuries allegedly caused by the negligence of the

County of Will, the Forest Preserve District of Will County, and

the Forest Preserve Board of Will County in maintaining and

supervising their property for use by snowmobilers.  104 Ill. 2d at

130.  The trial court dismissed the plaintiff's complaint, holding

that the action was barred by section 5--1(I) of the Snowmobile

Act.  Ostergren, 104 Ill. 2d at 130.  On appeal, the plaintiff

argued that the section was unconstitutional because it violated

the "certain remedy" provision of the Illinois Constitution. 

Ostergren, 104 Ill. 2d at 134.

     At the time that the plaintiff in Ostergren filed suit,

section 5--1(I) provided, in pertinent part:

          " 'An owner, lessee, or occupant of premises owes no duty

     to keep the premises safe for entry or use by others for

     snowmobiling, or to give warning of any unsafe condition or

     use of or structure or activity on such premises.' " 

     Ostergren, 104 Ill. 2d at 131, quoting Ill. Rev. Stat. 1981,

     ch. 95½, par. 605--1(I) (now codified, as amended, at 625 ILCS

     40/5--1(I) (West 1994)). 

     Although this section was subsequently amended to allow for suits

alleging wilful and wanton conduct, the supreme court limited its

discussion to the language cited above.  Ostergren, 104 Ill. 2d at

135-36.  The court noted that a different standard of care for tort

liability in snowmobile accidents was justified due to the inherent

danger of snowmobile operation in private lots, public parks, and

forest preserves.  Ostergren, 104 Ill. 2d at 133.  The court

therefore concluded that the language of section 5--1(I) provided

absolute immunity to the defendants and was a constitutional

exercise of the State's police power.  Ostergren, 104 Ill. 2d at

133.

     The court also held that section 5--1(I) did not violate the

"certain remedy" doctrine of the Illinois Constitution as it did

not prevent a plaintiff from seeking a remedy for his injuries

under the law.  Ostergren, 104 Ill. 2d at 134.  The court noted

that a victim in a snowmobile accident would still be able to sue

other parties, such as the manufacturer, distributor, or designer

of the snowmobile, as well as the other drivers involved in the

accident.  Ostergren, 104 Ill. 2d at 134.  The court therefore

concluded that the section did not violate the plaintiff's

constitutional right to a remedy under the law.  Ostergren, 104

Ill. 2d at 134-35.

     We also note that the Ostergren holding was cited with

approval in Bilyk v. Chicago Transit Authority, 125 Ill. 2d 230

(1988).  In Bilyk, the supreme court addressed the

constitutionality of a provision of the Metropolitan Transit

Authority Act (70 ILCS 3605/27 (West 1994)), which provides that

neither the Chicago Transit Authority nor its agents can be held

liable for the failure to provide adequate police protection or

security.  Bilyk, 125 Ill. 2d at 233-34.  In holding that the

statute did not violate the "certain remedy" provision of the

Illinois Constitution, the court relied on Ostergren for the

proposition that the "General Assembly may restrict the class of

potential defendants from whom a plaintiff may seek a remedy

without violating the ["certain remedy"] provision."  Bilyk, 125

Ill. 2d at 246.

     In the instant case, as in Ostergren, section 5--1(N) of the

Snowmobile Act does not abolish the plaintiffs' cause of action for

the decedent's injuries and death; it simply restricts the

liability of one category of defendants.  The statute does not

preclude the plaintiffs from seeking a remedy from other parties,

and, indeed, the plaintiffs have brought actions that are currently

pending against Bailey, Cranston, Pfoser, Sheehan, and NIASC.  As

the plaintiffs have not been prevented from seeking a remedy at

law, there has been no constitutional violation.

     Additionally, the statutory language contained in section 5--

1(N) is almost identical to the language contained in section 5--

1(I) at the time it was construed by the supreme court in

Ostergren.  Both provisions plainly state that the landowners owe

no duty of care to "keep the premises safe for entry or use by

others for snowmobiling," or to give warnings of any unsafe

condition, use, structure, or activity on the premises.  625 ILCS

50/5--1(N) (West 1994); Ostergren, 104 Ill. 2d at 131.  As the

supreme court has determined that the enactment of section 5--1(I)

was a constitutional exercise of the State's police power, we

decline to reach a different result in construing 5--1(N).  We

therefore conclude that section 5--1(N) of the Snowmobile Act is

constitutional and provides absolute immunity to the County and the

Forest Preserve as to the allegations of the plaintiffs' second

amended complaint.

     The plaintiffs' final contention on appeal is that the Forest

Preserve waived all applicable immunities when it required NIASC to

procure insurance to protect the Forest Preserve from suit. 

Relying on Molitor v. Kaneland Community Unit District No. 302, 18

Ill. 2d 11, 17-18 (1959), the plaintiffs argue that immunities are

waived to the extent of any coverage provided pursuant to a policy

of liability insurance.  We find no merit to this argument.

     Section 9--103(c) of the Tort Immunity Act provides, in

pertinent part:

          "Any insurance company that provides insurance coverage

     to a local public entity shall utilize any immunities or may

     assert any defenses to which the insured local public entity

     or its employees are entitled."  (Emphasis added.)  745 ILCS

     10/9--103(c) (West 1994).

     Pursuant to this language, the purchase of insurance is no longer

an automatic waiver of immunity, absent some specific contractual

waiver provision.  Knox County v. Midland Coal Co., 265 Ill. App.

3d 782, 788 (1994); Jastram v. Lake Villa School District 41, 192

Ill. App. 3d 599, 604 (1989).  As the plaintiffs have failed to

allege that the Forest Preserve has contractually waived the

immunities provided under the Snowmobile Act, we reject the

plaintiffs' contention that the Forest Preserve is liable to the

extent of any insurance coverage provided by the NIASC policy.

     For the foregoing reasons, the judgment of the circuit court

of Lake County is affirmed, and the cause is remanded for further

proceedings consistent with this opinion.

     Affirmed and remanded.

     COLWELL and THOMAS, JJ., concur.