GEORGE SITES, Plaintiff-Appellant, v. COOK COUNTY FOREST PRE-
SERVE DISTRICT, Defendant-Appellee.

First District (3rd Division)   No. 1—91—1404

Opinion filed January 26, 1994.

Richard E. Steck, of Steck & Spataro, of Chicago, for appellant.

Joan Schiller Travis, of Des Plaines, for appellee.

JUSTICE CERDA delivered the opinion of the court:

Plaintiff, George Sites, appeals from the entry of summary judgment in favor of defendant, Cook County Forest Preserve District. Plaintiff argues that tort immunity does not bar his personal injury lawsuit, which alleged that the condition of an access road to a forest preserve constituted a dangerous trap created by defendant. We reverse and remand.

Plaintiff alleged the following in count I of his second amended complaint. On or about July 7, 1985, defendant maintained the Spring Creek Valley Preserve through which ran a county roadway known as Donlea Road (the road). The road was not intended to be used for recreational purposes. On or about July 7, 1985, plaintiff was riding his bicycle on the portion of the road that was in the preserve. It was defendant's duty to avoid creating dangerous conditions on the road. Plaintiff's bicycle struck a chain-like device that was parallel to and across the road causing his bicycle to crash on the road. Defendant was careless and negligent in: (a) failing to warn plaintiff of the impending danger of the chain-like device; (b) failing to appropriately mark the chain-like device to avoid foreseeable injuries; (c) erecting the chain-like device parallel to and across the road; and (d) failing to guard or warn of a dangerous condition of which defendant had actual or constructive notice, in violation of section 3—109(c)(1) of the Tort Immunity Act (Ill. Rev. Stat. 1987, ch. 85, par. 3—109(c)(1)). Plaintiff suffered physical and emotional injury.

Count II alleged that defendant was guilty of willful and wanton conduct. Plaintiff alleged in count III that the willful and wanton conduct alleged in count II violated sections 3—109(c)(1) and (2) of the Tort Immunity Act (Ill. Rev. Stat. 1987, ch. 85, pars. 3—109(c)(1), (c)(2)).

Defendant admitted in its answer that it maintained the forest preserve but denied that the road was a county road. Defendant denied that the road was not intended to be used for recreational purposes.

Plaintiff stated the following in his response to defendant's request to admit facts. Plaintiff was riding his bicycle as part of training for a race. Plaintiff was not using the road as access to the forest preserve. Plaintiff did not see signs indicating that the road was closed to bicyclists or others except for motorized vehicles, motorcyclists, and snowmobiles. Plaintiff did not observe that the bicycle-riding area in the forest preserve was closed and marked with a chain and a sign.

Plaintiff testified to the following at his deposition. He was riding his bicycle down a hill. He could not see very far because of the heavy foliage. He noticed "a faint part of yellow over on the right-hand side," and then he moved over to the left. He did not realize that there was a barrier all the way across the road. He was approximately 25 yards from it, and he braked as hard as he could but could not stop in time before he hit the barrier. A "closed" sign was not there. The posts were not painted yellow.

Defendant moved for summary judgment and argued the

following. The road was owned by defendant. The road provided access to recreational and scenic areas in the forest preserve, was part of the preserve, and was itself a hiking trail and recreational area. Plaintiff's lawsuit was barred under section 3—107 of the Tort Immunity Act (Ill. Rev. Stat. 1985, ch. 85, par. 3—107) because plaintiff's alleged injury was caused by a condition of a road of the type covered by that statute.

The supporting affidavit of Herbert M. Johnson swore the following. He was defendant's employee in the capacity of superintendent of maintenance and operations. The road was owned by defendant and was used to provide access to recreational and scenic areas of the forest preserve. The road was neither a city, town, or village street nor a highway. Motorized vehicular traffic was prohibited on the road. In addition to the road's purpose in providing access to recreational and scenic areas of the preserve, the road was maintained for recreational purposes as a hiking trail and recreational area. Posted on the west end of the road was a sign stating that the road was closed. On the east end of the road a sign was posted stating "no motorized vehicles." All the chain-like devices, which were properly called cable gates, had as their purpose the deterrence of motor vehicle traffic along the road in order to protect hikers and others using the road for recreational purposes.

William Carrigan testified to the following at his deposition. He was employed by defendant as a division superintendent. A cable gate was an eight-foot piece of wood approximately eight inches by six inches wide, placed approximately four feet into the ground with four feet being above the ground. There was an "i-bolt" through the center of the board with a cable looped through the i-bolt. Two residents who lived on the road would open the gate as they came and went. When defendant was there doing work, employees would open the gate. Otherwise, the gate was closed with the cable. Summary judgment was entered in favor of defendant.

Plaintiff argues the following. Section 3—107 of the Tort Immunity Act (Ill. Rev. Stat. 1985, ch. 85, par. 3—107), providing immunity for liability for injury caused by a condition of a road that provides access to recreational areas, does not provide immunity for defendant because injury was caused by an artifice constructed above a road. The wire constructed across the road was not a condition within the meaning of the statute.

Section 3—102 of the Tort Immunity Act provides, in relevant part:

"(a) Except as otherwise provided in this Article, a local public entity has the duty to exercise ordinary care to maintain its prop-

erty in a reasonably safe condition for the use in the exercise of ordinary care of people whom the entity intended and permitted to use the property in a manner in which and at such times as it was reasonably foreseeable that it would be used, and shall not be liable for injury unless it is proven that it has actual or constructive notice of the existence of such a condition that is not reasonably safe in sufficient time prior to an injury to have taken measures to remedy or protect against such condition." (Ill. Rev. Stat. 1985, ch. 85, par. 3—102(a).)

Section 3—107 of the Tort Immunity Act provides:

"Neither a local public entity nor a public employee is liable for an injury caused by a *condition of: (a) Any road which provides access to* fishing, hunting, or primitive camping, *recreational, or scenic areas* and which is not a (1) city, town or village street, (2) county, state or federal highway or (3) a township or other road district highway. (b) Any hiking, riding, fishing or hunting trail." (Emphasis added.) Ill. Rev. Stat. 1985, ch. 85, par. 3—107.

■ Defendant argues that the issue of whether the gate was a condition of the road under section 3—107 was waived because it was not raised in the trial court. We reject this waiver argument because defendant argued in support of its motion for summary judgment that plaintiff's lawsuit was barred under section 3—107.

Plaintiff cites in support *Nelsen v. City of Gridley* (1980), 113 Cal. App. 3d 87, 169 Cal. Rptr. 757, in which plaintiff sued defendant city for injuries sustained when he struck a cable stretched across a city road while riding his motorcycle. Plaintiff alleged that the cable constituted a dangerous condition on the property. The court held that a statute providing for a city's immunity for failure to maintain a road did not create immunity where the city undertook to create a dangerous condition. *Nelsen*, 113 Cal. App. 3d at 97, 169 Cal. Rptr. at 763.

In the case of *McDermott v. Metropolitan Sanitary District* (1992), 240 Ill. App. 3d 1, 607 N.E.2d 1271, the plaintiff fell into a storm water drainage ditch while riding his bicycle along a dirt path. The suit against defendant Village of Palatine alleged willful and wanton conduct for failure to properly maintain the ditch or warn of the hazardous ditch. The court stated that in determining whether to impose a duty upon a defendant, the court must consider the following factors: (1) the foreseeability of the injury; (2) the likelihood of injury; (3) the magnitude of placing the burden upon the defendant to guard against the injury; and (4) the consequences of placing the burden upon the defendant. (*McDermott*, 240 Ill. App. 3d at 26.) The court held that it was not error to impose a duty on the village to exercise reasonable care. *McDermott*, 240 Ill. App. 3d at 26.

The court further held that based on the evidence in the record, the village's failure to remedy the condition of the ditch was willful and wanton and that the village knew or should have been aware that the ditch could be a hazard to those using the dirt path. (*McDermott*, 240 Ill. App. 3d at 28-29.) The Village of Palatine asserted that the hazards associated with the ditch were open and obvious. The court held that there was conflicting testimony in this respect and that it was the province of the jury to resolve this issue. *McDermott*, 240 Ill. App. 3d at 29.

■ Section 3—107 relieves the public entity from liability for injuries caused by the condition of access roads and trails that are not streets or highways. (Ill. Rev. Stat. 1985, ch. 85, par. 3—107.) We infer that the statutory intent is to relieve public entities from the duty to maintain such access roads, which may be unpaved and uneven. But a structure erected on an access road, such as the chain or cable gate causing plaintiff's injury, should not be considered a physical condition of the road covered by section 3—107. The structure was an artificial barrier that was not a part of the road itself. The statute does not appear to have the purpose to relieve public entities from liability for injuries caused by structures erected on the exempted roads. On this basis, summary judgment should not have been granted in favor of defendant. Plaintiff may pursue his case under either section 3—102, which imposes the duty on defendant to exercise ordinary care in maintaining its property in a reasonably safe condition (Ill. Rev. Stat. 1985, ch. 85, par. 3—102), or under section 3—106, which imposes liability for willful and wanton negligence regarding property used for recreational purposes (Ill. Rev. Stat. 1985, ch. 85, par. 3—106).

■ Defendant argues for the first time on appeal that there is nothing in the record demonstrating that it placed the chain across the road on the day that plaintiff was injured. But even if this is true, the record demonstrates that defendant erected and maintained the chain, and plaintiff alleged that defendant had a duty to warn of the condition and should not have created the dangerous condition.

The judgment of the trial court is reversed, and the cause is remanded.

Reversed and remanded.

RIZZI and GREIMAN, JJ., concur.