LYNN GOODWIN, Plaintiff-Appellant, v. CARBONDALE PARK DISTRICT, Defendant-Appellee.

Fifth District    No. 5—92—0748

Opinion filed December 30, 1994.

Gene A. Turk, Jr., of Womick & Associates, Chartered, of Carbondale, for appellant.

Michael F. Dahlen and Gary B. Nelson, both of Feirich/Schoen/Mager/Green, of Carbondale, for appellee.

JUSTICE WELCH delivered the opinion of the court:

Plaintiff, Lynn Goodwin, was injured when the bicycle he was riding collided with a tree that had fallen across the Greenway Bikepath, a paved bike path winding through a city park; the path is controlled and maintained by the defendant, Carbondale Park District (Park District). Plaintiff filed a two-count complaint against the Park District: count I sounded in ordinary negligence, and count II contained the same allegations but sounded in willful and wanton negligence. On the motion of defendant, the circuit court of Jackson County dismissed both counts of the complaint, finding that defendant was immune from liability under sections 3—106 and 3—107(b) of the Local Governmental and Governmental Employees Tort Immunity Act (745 ILCS 10/3—106, 3—107(b) (West 1992)). Plaintiff appeals.

As revealed in the record, the property on which the Greenway Bikepath is located is owned by the City of Carbondale and leased by the city to the Carbondale Park District. The property has been designated by the city to be used "exclusively for playgrounds, recreational, open space, non-autoways, and public park purposes."

The lease between the city and the park district provides that the property is to be used "solely for the purposes of public parks, playgrounds, recreation, open space, picnic areas, and non-autoways." Under the lease, the city agrees to "construct non-autoways for the use of pedestrians, bicycles and wheelchairs on the property." These nonautoways are to be maintained by the Park District.

Section 3—106 of the Local Governmental and Governmental Employees Tort Immunity Act (Act) provides for immunity

> "where the liability is based on the existence of a condition of any public property intended or permitted to be used for recreational purposes, including but not limited to parks, playgrounds, open areas, buildings or other enclosed recreational facilities, unless such local entity or public employee is guilty of willful and wanton conduct proximately causing such injury." (745 ILCS 10/3—106 (West 1992).)

Thus, section 3—106 provides immunity only for ordinary negligence and not for willful and wanton misconduct.

Section 3—107(b) of the Act, on the other hand, provides immunity for both ordinary negligence and willful and wanton misconduct

> "for an injury caused by a condition of *** (b) Any hiking, riding, fishing or hunting trail." 745 ILCS 10/3—107(b) (West 1992).

Based upon our construction of these sections of the Act, we affirm the trial court's dismissal of count I, sounding in ordinary negligence, because the property on which plaintiff was injured was "intended or permitted to be used for recreational purposes." We reverse the trial court's dismissal of count II, sounding in willful and wanton misconduct, because we find that the trial court erred as a matter of law in construing the phrase "riding trail" in section 3—107(b) of the Act to include the paved bike path on which plaintiff was injured.

■ With respect to count I, plaintiff argues that defendant failed to prove that the property on which plaintiff was injured fell within the purview of section 3—106, that is, that it was property intended or permitted to be used for recreational purposes. We cannot agree. The only evidence before the trial court supports its finding that the bike path was intended or permitted to be used for recreational purposes. The bike path was located within a city park, and the property was dedicated to recreational purposes and, according to the lease, was to be used solely for recreational purposes. Plaintiff submitted no evidence to the contrary, and his complaint alleges no differently.

In a rather convoluted argument, plaintiff asserts that the bike

path was a "non-autoway" and as such was a "public way" within the meaning of section 3—105 of the Act (745 ILCS 10/3—105 (West 1992)), rather than property intended or permitted to be used for recreational purposes within the meaning of section 3—106 of the Act. Section 3—105 provides for immunity for an injury caused by the effect of weather conditions as such on the use of public ways, but not for physical damage to or deterioration of those public ways resulting from weather conditions. (745 ILCS 10/3—105 (West 1992).) Plaintiff argues that his injury was caused by physical damage or deterioration of the bike path resulting from weather conditions and the Park District therefore is not immune under section 3—105. However, plaintiff's complaint contains no allegations that his injury was related in any way to weather conditions, nor is there any such evidence in the record. Section 3—105 has no application to the instant case.

In any event, even if the bike path, as a nonautoway, does constitute a public way, it was also property intended or permitted to be used for recreational purposes and section 3—106 provides immunity for ordinary negligence. Accordingly, the trial court did not err in dismissing count I of plaintiff's complaint.

With respect to count II, the trial court dismissed on the basis of immunity, apparently finding that the bike path constituted a "riding trail" within the meaning of section 3—107(b) of the Act. That section provides immunity for injuries arising out of both ordinary negligence and willful and wanton misconduct. In so construing the statute, the trial court erred as a matter of law, and we reverse the dismissal of count II of plaintiff's complaint sounding in willful and wanton negligence.

Section 3—107 of the Act provides as follows:

"Neither a local public entity nor a public employee is liable for an injury caused by a condition of: (a) Any road which provides access to fishing, hunting, or primitive camping, recreational, or scenic areas and which is not a (1) city, town or village street, (2) county, state or federal highway or (3) a township or other road district highway. (b) Any hiking, riding, fishing or hunting trail." (745 ILCS 10/3—107 (West 1992).)

The question presented for our review is whether the paved bike path located in a developed city park constitutes a "riding trail" within the meaning of subsection (b) of this statute. We find that it does not.

Section 3—106 of the Act and section 3—107(b) of the Act both apply to recreational property. However, while section 3—106 provides immunity only for ordinary negligence, section 3—107(b)

extends absolute immunity for both ordinary negligence and willful and wanton negligence for injuries sustained on certain specified types of recreational property. Does the paved bike path within the developed city park fall within this more narrow class of recreational property specified in section 3—107(b)? We think not.

■ What differentiates the property described in section 3—107(b) from that described in section 3—106? Reading section 3—107 as a whole indicates that the property referred to therein is unimproved property which is not maintained by the local governmental body and which is in its natural condition with obvious hazards as a result of that natural condition. Thus, access roads that are not maintained as city, town, or village streets or county, State, or Federal highways or township or road district highways are included in section 3—107(a). Such roads generally would be used only for access to unimproved, undeveloped recreational areas and generally not for access to developed city parks located within the city limits. Included in section 3—107(b) are unimproved hiking, riding, fishing, or hunting trails in undeveloped recreational areas that remain in their natural condition. Absolute immunity is extended for injuries sustained on these types of property because of the burden in both time and money if the local governmental entity were required to maintain these types of property in a safe condition. Furthermore, requiring such maintenance would defeat the very purpose of these types of recreational areas, that is, the enjoyment of activities in a truly natural setting. We are reminded that the Act is in derogation of the common law and must be strictly construed against a finding of immunity. *Kirnbauer v. Cook County Forest Preserve District* (1991), 215 Ill. App. 3d 1013, 1017, 576 N.E.2d 168, 172.

We are aware of the recent decision in *Scott v. Rockford Park District* (1994), 263 Ill. App. 3d 853, 636 N.E.2d 1075, and we acknowledge that language contained therein appears to be inconsistent with our opinion. In that case, the plaintiff was injured on a bridge which accessed a paved bike path in a developed city park. The bridge was neither a city, town, or village street nor a county, State, Federal, township, or road district highway. The court found that section 3—107(a) provided absolute immunity with respect to plaintiff's injuries because the bridge was an access road to a recreational area. We distinguish that case because it interpreted and applied subsection (a) of section 3—107, while the case before us involves subsection (b) of that section. To the extent that the reasoning of the *Scott* case differs from ours, we simply believe that it is wrong.

We simply do not believe that the legislature intended to include

within section 3—107(b) a paved bike path in a developed city park. The bike path on which plaintiff was injured is not a "riding trail" within the purview of section 3—107(b) of the Act. Accordingly, the absolute immunity provided by that section is not available to the Carbondale Park District with respect to plaintiff's injuries. The trial court erred in dismissing count II of plaintiff's complaint sounding in willful and wanton negligence. We remand this cause for further proceedings on that count of plaintiff's complaint.

For the foregoing reasons, the judgment of the circuit court of Jackson County is affirmed in part and reversed in part, and this cause is remanded for further proceedings on count II of plaintiff's complaint.

Affirmed in part; reversed in part and remanded.

MAAG, P.J., and GOLDENHERSH, J., concur.