OSCAR BROWN, Plaintiff-Appellant, v. COOK COUNTY FOREST PRESERVE, Defendant-Appellee.

First District (6th Division) No. 1—95—1004

Opinion filed November 8, 1996.

Kedzie & Svanascini, of Chicago (Michael Svanascini, Michael Kedzie, David Gorski, and Kathy Svanascini, of counsel), for appellant.

Callahan, Fitzpatrick, LaKoma & McGlyn, of Oak Park (Eugene Callahan, Matthew LaKoma, and Mark LeFevour, of counsel), for appellee.

PRESIDING JUSTICE ZWICK delivered the opinion of the court:

This is an appeal from a grant of summary judgment (735 ILCS 5/2—1005 (West 1994)) in favor of the defendant, Cook County Forest Preserve (Forest Preserve), and against the plaintiff, Oscar Brown. Brown allegedly sustained injuries on June 20, 1986, after falling from his bicycle while riding on a bicycle path in Saulk Trail Woods Forest Preserve. The Forest Preserve is a municipal corporation which is a division of Cook County.

In his two-count complaint, Brown alleged that his head hit a guardrail after the front wheel of his bicycle slid out from under him as he descended an incline on the bicycle path. He claimed that his injuries were caused, in part, by the curvature and slope of the path, which the Forest Preserve wilfully and wantonly designed and maintained. Brown also alleged wilful and wanton conduct in the Forest Preserve's placement of the path alongside a steel guardrail that served as a barrier to vehicular traffic using 26th Street, a highway that runs alongside the path at the place where Brown fell.

The trial court entered summary judgment in favor of the Forest Preserve, noting the absolute immunity provided by section 3—107(a) and section 3—107(b) of the Local Governmental and Governmental Employees Tort Immunity Act (the Act) (745 ILCS 10/1—101 *et seq.* (West 1994)). Brown raises the single issue of whether the Forest Preserve has immunity from this suit under section 3—107.

■ The law with regard to summary judgment is well settled. A motion for summary judgment is properly granted by the trial court when "the pleadings, depositions and admissions on file, together

with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2—1005(c) (West 1994). In ruling on a motion for summary judgment, the trial court must construe the pleadings, depositions and affidavits in the light most favorable to the nonmoving party. *First State Insurance Co. v. Montgomery Ward & Co.*, 267 Ill. App. 3d 851, 642 N.E.2d 715 (1994); *Stephen v. Swiatkowski*, 263 Ill. App. 3d 694, 635 N.E.2d 997 (1994). If fairminded persons could draw different inferences from the undisputed facts, summary judgment should not be granted. See *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 607 N.E.2d 1204 (1992); *Anglin v. Oros*, 257 Ill. App. 3d 213, 628 N.E.2d 873 (1994). Review of a grant of summary judgment is *de novo. Golla v. General Motors Corp.*, 261 Ill. App. 3d 143, 147, 633 N.E.2d 193 (1994).

The Forest Preserve and Brown filed conflicting affidavits as to several relevant facts. It is clear, however, that the path on which Brown fell circled Saulk Lake, was designed for use by bicyclists, and was paved. The land surrounding the path was generally wooded and otherwise undeveloped.

■ Section 3—107 of the Act relieves a public entity from liability for injuries caused by the condition of access roads and trails that are not streets or highways. This section provides:

> "Neither a local public entity nor a public employee is liable for an injury caused by a condition of: (a) any road which provides access to fishing, hunting, or primitive camping, recreational, or scenic areas and which is not a (1) city, town or village street, (2) county, state or federal highway or (3) a township or other road district highway. (b) Any hiking, riding, fishing or hunting trail." 745 ILCS 10/3—107 (West 1994).

Thus, if either section 3—107(a) or 3—107(b) properly applies to the present dispute, the Forest Preserve cannot be liable and the trial court's award of summary judgment in favor of the Forest Preserve must be affirmed.

We decline to address the various arguments made by Brown with regard to the applicability of section 3—107(a) of the Act as, in our view, section 3—107(b) provides clear tort immunity to the Forest Preserve.

■ The cardinal rule of statutory construction is to give effect to the legislative intent of the enactment. *Rushton v. O'Malley*, 89 Ill. App. 3d 103, 104, 411 N.E.2d 528 (1980). The language of the statute generally provides the best evidence of the legislature's intent. *Board of Education of Rockford School District No. 205 v. Illinois Educa-*

*tion Labor Relations Board*, 165 Ill. 2d 80, 649 N.E.2d 369 (1995). Where the statutory language is clear and unambiguous, the plain and ordinary meaning of the words will be given effect without resorting to extrinsic aids for construction. *People ex rel. Baker v. Cowlin*, 154 Ill. 2d 193, 197, 607 N.E.2d 1251 (1992).

■ The word "trail" has been defined as a "marked path through a forest or mountainous region." Webster's Third New International Dictionary 2423 (1981). Brown concedes that the path on which he fell is commonly used by bicyclists for riding and that the path is designed to provide access for bicyclists to the natural and scenic wooded areas around Saulk Lake. In light of this, we can see no reasonable dispute regarding whether the place where Brown fell was a "riding trail." The fact that the path was paved does not change our analysis of the issue.

Brown argues that the court's decision in *Goodwin v. Carbondale Park District*, 268 Ill. App. 3d 489, 644 N.E.2d 956 (1994), supports his claim that the path was not a "riding trail." The plaintiff in *Goodwin* was injured after falling from a bicycle on a paved path which ran through a developed city park. The court noted that section 3—107(b) was intended to provide absolute immunity to local governmental units because of the additional burdens that maintaining undeveloped property in a safe condition would cause. Further, the court noted that requiring such maintenance would defeat the purpose of undeveloped recreational areas, that is, the enjoyment of activities in a "truly natural setting." *Goodwin*, 268 Ill. App. 3d at 493. In light of the legislative purpose of the Act and the fact that the plaintiff was injured in a "developed city park," the court found the path was not a "riding trail" and denied section 3—107(b) immunity. *Goodwin*, 268 Ill. App. 3d at 494.

We agree that paved bicycle paths that traverse developed city land are not properly classified as "riding trails" for purposes of section 3—107(b). We disagree, however, with Brown's apparent contention that the area where he fell was "developed" simply because the path on which he was riding happened to be paved. To the contrary, the record establishes clearly that the area where Brown fell was not the type of developed property that was at issue in *Goodwin*. Indeed, in his own deposition Brown described the area where he was injured as "a forest."

Brown argues that, even if section 3—107 were otherwise applicable, summary judgment should not have been granted in light of the court's decision in *Sites v. Cook County Forest Preserve District*, 257 Ill. App. 3d 807, 629 N.E.2d 621 (1994). In *Sites*, the Forest Preserve was denied tort immunity when the plaintiff alleged that he

was injured after riding his bicycle into a "cable gate" that had been strung across an access road. *Sites*, 257 Ill. App. 3d at 811. Brown argues because his injuries were also caused by the placement of an artificial barrier, in this case a steel guardrail, his claims must also be permitted to proceed to trial.

We conclude that the court's opinion in *Sites* is distinguishable and best limited to the unique facts presented there. To create a general exception to tort immunity for all cases involving an unnatural or man-made structure would have the undesirable effect of discouraging public entities such as the Forest Preserve from undertaking improvements to scenic trails, particularly the placement of signs, fences and barriers such as guardrails, which are erected, in large part, for the protection of the public. More importantly, we see nothing in the language of the Act that would warrant creating such a broad exception. Brown's complaint indicates that the steel guardrail that he struck was not on or across the trail itself, as was the cable gate at issue in *Sites*. In addition, Brown has not alleged that the guardrail caused his fall. These facts distinguish *Sites*.

For the foregoing reasons, the order of the circuit court granting summary judgment is affirmed.

Affirmed.

RAKOWSKI and LEAVITT, JJ., concur.