11/8/96



No. 1-95-1004



OSCAR BROWN, ) Appeal from
 ) the Circuit Court
 Plaintiff-Appellant, ) of Cook County.
 )
v. )
 )
COOK COUNTY FOREST PRESERVE, ) Honorable 
 ) Kathy Flanagan,
 Defendant-Appellee. ) Judge Presiding.


 PRESIDING JUSTICE ZWICK delivered the opinion of the court:
 This is an appeal from a grant of summary judgment (735 ILCS
5/2-1005 (West 1994)) in favor of the defendant, Cook County
Forest Preserve ("Forest Preserve") and against the plaintiff,
Oscar Brown. Brown allegedly sustained injuries on June 20, 1986,
after falling from his bicycle while riding on a bicycle path in
Saulk Trail Woods Forest Preserve. The Forest Preserve is a
municipal corporation which is a division of Cook County. 
 In his two-count complaint, Brown alleged that his head hit
a guardrail after the front wheel of his bicycle slid out from
under him as he descended an incline on the bicycle path. He
claimed that his injuries were caused, in part, by the curvature
and slope of the path which the Forest Preserve wilfully and
wantonly designed and maintained. Brown also alleged wilful and
wanton conduct in the Forest Preserve's placement of the path
alongside a steel guardrail which served as a barrier to
vehicular traffic using 26th Street, a highway which runs
alongside the path at the place where Brown fell. 
 The trial court entered summary judgment in favor of the
Forest Preserve, noting the absolute immunity provided by section
3-107(a) and section 3-107(b) of the Local Governmental and
Governmental Employees Tort Immunity Act (the "Act"). 745 ILCS
10/1--101 et seq. (West 1994). Brown raises the single issue of
whether the Forest Preserve has immunity from this suit under
section 3-107. 
 The law with regard to summary judgment is well settled. A
motion for summary judgment is properly granted by the trial
court when "the pleadings, depositions and admissions on file,
together with the affidavits, if any, show that there is no
genuine issue as to any material fact and that the moving party
is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005
(West 1994). In ruling on a motion for summary judgment, the
trial court must construe the pleadings, depositions and
affidavits in the light most favorable to the non-moving party.
First State Insurance Co. v. Montgomery Ward & Co., 267 Ill. App.
3d 851, 642 N.E.2d 715 (1994); Stephen v. Swiatkowski, 263 Ill.
App. 3d 694, 635 N.E.2d 997, (1994). If fair-minded persons could
draw different inferences from the undisputed facts, summary
judgment should not be granted. See Outboard Marine Corp. v.
Liberty Mutual Insurance Co., 154 Ill. 2d 90, 607 N.E.2d 1204
(1992); Anglin v. Oros, 257 Ill. App. 3d 213, 628 N.E.2d 873
(1993). Review of a grant of summary judgment is de novo. Golla
v. General Motors Corp., 261 Ill. App. 3d 143, 147, 633 N.E.2d
193 (1994).
 The Forest Preserve and Brown filed conflicting affidavits
as to several relevant facts. It is clear, however, that the path
on which Brown fell circled Saulk Lake, was designed for use by
bicyclists, and was paved. The land surrounding the path was
generally wooded, and otherwise undeveloped.
 Section 3-107 of the Act relieves a public entity from
liability for injuries caused by the condition of access roads
and trails that are not streets or highways. This sections
provides:
 "Neither a local public entity nor a public
 employee is liable for an injury caused by a condition
 of: (a) any road which provides access to fishing,
 hunting or primitive camping, recreational, or scenic
 areas and which is not a (1) city, town or village
 street, (2) county, state or federal highway, or (3) a
 township or other road district highway. (b) Any
 hiking, riding, fishing or hunting trail."
Thus, if either section 3-107(a) or 3-107(b) properly applies to
the present dispute, the Forest Preserve cannot be liable and the
trial court's award of summary judgment in favor of the Forest
Preserve must be affirmed.
 We decline to address the various arguments made by Brown
with regard to the applicability of section 3-107(a) of the Act
as, in our view, section 3-107(b) provides clear tort immunity to
the Forest Preserve. 
 The cardinal rule of statutory construction is to give
effect to the legislative intent of the enactment. Rushton v.
O'Malley, 89 Ill. App. 3d 103, 104, 411 N.E.2d 528 (1980). The
language of the statute generally provides the best evidence of
the legislature's intent. Board of Education of Rockford School
District No. 205 v. Illinois Education Labor Relations Board, 165
Ill. 2d 80, 649 N.E.2d 369 (1995). Where the statutory language
is clear and unambiguous, the plain and ordinary meaning of the
words will be given effect without resorting to extrinsic aids
for construction. People ex rel. Baker v. Cowlin, 154 Ill.2d 193,
197, 607 N.E.2d 1251 (1992).
 The word "trail" has been defined as a "marked path through
a forest or mountainous region." Webster's Third New
International Dictionary 233 (1981). Brown concedes that the path
on which he fell is commonly used by bicyclists for riding and
that the path is designed to provide access for bicyclists to the
natural and scenic wooded areas around Saulk Lake. In light of
this, we can see no reasonable dispute regarding whether the
place where Brown fell was a "riding trail." The fact that the
path was paved does not change our analysis of the issue. 
 Brown argues that the court's decision in Goodwin v.
Carbondale Park District, 268 Ill. App. 3d 489, 644 N.E.2d 956
(1994), supports his claim that the path was not a "riding
trail." The plaintiff in Goodwin was injured after falling from a
bicycle on a paved path which ran through a developed city park.
The court noted that section 3-107(b) was intended to provide
absolute immunity to local governmental units because of the
additional burdens that maintaining undeveloped property in a
safe condition would cause. Further, the court noted that
requiring such maintenance would defeat the purpose of
undeveloped recreational areas, that is, the enjoyment of
activities in a "truly natural setting." Goodwin, 268 Ill. App.
3d at 493. In light of legislative purpose of the Act and the
fact that the plaintiff was injured in an "developed city park,"
the court found the path was not a "riding trail" and denied
section 3-107(b) immunity. Goodwin, 268 Ill. App. 3d at 494. 
 We agree that paved bicycle paths which traverse developed
city land are not properly classified as a "riding trails" for
purposes of section 3-107(b). We disagree, however, with Brown's
apparent contention that the area where he fell was "developed"
simply because the path on which he was riding happened to be
paved. To the contrary, the record establishes clearly that area
where Brown fell was not the type of developed property that was
at issue in Goodwin. Indeed, in his own deposition Brown
described the area where he was injured as "a forest." 
 Brown argues, even if section 3-107 were otherwise
applicable, summary judgment should not have been granted in
light of the court's decision in Sites v. Cook County Forest
Preserve District, 257 Ill. App. 3d 807, 629 N.E.2d 621 (1994).
In Sites, the Forest Preserve was denied tort immunity when the
plaintiff alleged that he was injured after riding his bicycle
into a "cable gate" that had been strung across an access road.
Sites, 257 Ill. App. 3d at 811. Brown argues, because his
injuries were also caused by the placement of an artificial
barrier, in this case a steel guardrail, his claims must also be
permitted to proceed to trial. 
 We conclude that the court's opinion in Sites is
distinguishable and best limited to the unique facts presented
there. To create a general exception to tort immunity for all
cases involving an unnatural or man-made structure would have the
undesirable effect of discouraging public entities such as the
Forest Preserve from undertaking improvements to scenic trails,
particularly the placement of signs, fences and barriers such as
guardrails which are erected, in large part, for the protection
of the public. More importantly, we see nothing in the language
of the Act which would warrant creating such a broad exception.
Brown's complaint indicates that the steel guardrail which he
struck was not on or across the trail itself, as was the cable
gate at issue in Sites. In addition, Brown has not alleged that
the guardrail caused his fall. These facts distinguish Sites.
 For the foregoing reasons, the order of the circuit court
granting summary judgment is affirmed.
 Affirmed.
 RAKOWSKI, J., and LEAVITT, J., concur.