JANET MULL, Plaintiff-Appellee, v. THE KANE COUNTY FOREST PRESERVE DISTRICT, Defendant-Appellant.

Second District   No. 2—02—0283

Opinion filed March 10, 2003.

Patrick M. Kinnally and Matthew J. Herman, both of Kinnally, Krentz, Loran, Hodge & Herman, P.C., of Aurora, for appellant.

Lawrence D. Wechter, of Law Office of Larry Wechter, of Geneva, and Stephen M. Jacobs, of Shaw, Jacobs & Associates, P.C., of St. Charles, for appellee.

JUSTICE McLAREN delivered the opinion of the court:

Defendant, the Kane County Forest Preserve District (forest

preserve), appeals the jury verdict finding the forest preserve liable for personal injuries suffered by plaintiff, Janet Mull, when she fell while riding on the forest preserve's bike trail. We reverse.

The following facts are taken from the record. During the afternoon of September 6, 1999, plaintiff fell from her bicycle after encountering a rut in the Great Western Trail, a path that traverses 17 miles of the forest preserve. The rut was located about 50 yards west of the Hidden Oaks Bridge. Plaintiff sustained injuries due to the fall.

Plaintiff filed a complaint alleging that defendant wantonly and wilfully breached its duty by, *inter alia*, failing to remedy the dangerous condition on the Great Western Trail. Defendant filed an affirmative defense and motion for summary judgment claiming absolute immunity under section 3—107 of the Local Governmental and Governmental Employees Tort Immunity Act (the Act) (745 ILCS 10/ 3—107(a), (b) (West 1998)). The trial court granted plaintiff's motion to strike and dismiss defendant's affirmative defense and denied defendant's motion for summary judgment.

The trial court granted defendant's motion for a finding pursuant to Supreme Court Rule 308, permitting an interlocutory appeal. 155 Ill. 2d R. 308. However, this court denied defendant's permissive interlocutory appeal. The matter then proceeded to trial.

At trial, plaintiff testified that she was a regular rider on the path, riding once or twice a week, and that she was aware of the ruts in the path. At the time of her fall, she was not distracted and was looking straight ahead, but she forgot that the ruts were present.

Plaintiff and her husband testified as to the nature and extent of plaintiff's injuries. Plaintiff suffered injuries to her shoulder, collar bone, arm, elbow, and knee. Dr. Jeffrey Grosskopf, plaintiff's physician, testified by deposition that plaintiff was beginning to heal after about six weeks but may continue to experience pain while performing certain activities. Dr. Charles Carroll, an orthopaedic surgeon, testified by deposition that, during plaintiff's last visit, she felt some pain and suffered from delayed healing.

Dr. Richard Olsen, a regular rider on the bike path, testified that three weeks before plaintiff's fall, his wife fell while riding on the path and Olsen called defendant and reported the incident and the condition of the path.

John Duerr, defendant's director of resources, testified that, before plaintiff's fall, a friend had told him about the ruts in the path.

David Perfect, defendant's operations supervisor, testified that he knew of no complaints of accidents caused by the condition of the path prior to plaintiff's fall.

Finally, Eric Siegmeier, defendant's trail tradesman, testified that he maintained approximately 85 miles of the path and had graded the gravel and limestone path around Labor Day, a few days before plaintiff's fall.

After deliberations, the jury returned a verdict in favor of plaintiff. The trial court denied defendant's motion for judgment notwithstanding the verdict (judgment *n.o.v.*). This timely appeal followed.

On appeal, defendant argues that the trial court erred by denying its motion for summary judgment, striking its affirmative defense, and denying its motion for judgment *n.o.v.* Defendant claims that it is entitled to immunity under section 3—107(a) and section 3—107(b) of the Act.

■ We first note the general rule that a denied motion for summary judgment merges into the judgment entered at trial so that the order is not appealable. See *Elane v. St. Bernard Hospital*, 284 Ill. App. 3d 865, 869 (1996). Therefore, we will review only the trial court's decision to deny defendant's motion for judgment *n.o.v.* We will review this decision *de novo. Evans v. Shannon*, 201 Ill. 2d 424, 427 (2002).

Defendant argues that the Act provides immunity for this type of cause of action. We agree.

■ When interpreting a statute, we must ascertain and give effect to the intention of the legislature. *Michigan Avenue National Bank v. County of Cook*, 191 Ill. 2d 493, 503-04 (2000). The best indication of the legislature's intent is the language of the statute, which is "the most reliable indicator of the legislature's objectives in enacting a particular law." *Michigan Avenue National Bank*, 191 Ill. 2d at 504. Statutory language is to be given its plain, ordinary, and popularly understood meaning. *Thompson v. Village of Newark*, 329 Ill. App. 3d 536, 540 (2002). We review the interpretation of a statute *de novo. In re Estate of Dierkes*, 191 Ill. 2d 326, 330 (2000).

■ Section 3—107 of the Act relieves a public entity from liability for injuries caused by the condition of access roads and trails. This section provides:

> "Neither a local public entity nor a public employee is liable for an injury caused by a condition of: (a) Any road which provides access to fishing, hunting, or primitive camping, recreational, or scenic areas and which is not a (1) city, town or village street, (2) county, state or federal highway or (3) a township or other road district highway. (b) Any hiking, *riding*, fishing or hunting *trail*." (Emphasis added.) 745 ILCS 10/3—107 (West 1998).

In our view, section 3—107(b) applies here and provides immunity to defendant. The plain and ordinary meaning of a trail is a "marked path through a forest or mountainous region." Webster's Third New

International Dictionary 2423 (1993). In *Brown v. Cook County Forest Preserve*, 284 Ill. App. 3d 1098 (1996), the Appellate Court, First District, applied this definition in a situation similar to the case at bar. In *Brown*, the appellate court affirmed summary judgment in favor of the Cook County Forest Preserve where the plaintiff fell while riding her bike on a bicycle path. The bicycle path was paved, the land surrounding the path was wooded and undeveloped, and the path provided access to the wooded areas around a lake. However, a highway and a guardrail ran alongside the path. *Brown*, 284 Ill. App. 3d at 1099. The court held that, because the path was commonly used by bicyclists and was designed to provide access to natural areas around the lake, the path was a "riding trail" within the meaning of section 3—107(b) of the Act. *Brown*, 284 Ill. App. 3d at 1101. According to the court, the fact that the path was paved was irrelevant. *Brown*, 284 Ill. App. 3d at 1101.

■ The case at bar is materially similar to *Brown*. It is undisputed that the trail at issue here is used as a riding path. It traverses Kane County Forest Preserve for approximately 17 miles and provides access to forests. We recognize that the trail runs through some developed areas, but it is surrounded by wild grasses and shrubs. Further, the nature of the land next to the trail should not determine immunity. If it did, immunity and nonimmunity could vary depending on an adjacent landowner's decision to develop or not develop his land. We do not believe immunity should be based on decisions made solely by private landowners.

Also, contrary to plaintiff's contention, the fact that the trail in this case was adjacent to a road is not dispositive. Plaintiff ignores that the trail in *Brown* was adjacent to a highway and, unlike the trail at bar here, the *Brown* trail was paved. The trail here is even less developed than the *Brown* trail because it is not paved but covered with gravel and asphalt. Therefore, we determine that the trail at issue here, like the trail in *Brown*, is a "trail" within the meaning of section 3—107(b) of the Act.

The plaintiff cites *Goodwin v. Carbondale Park District*, 268 Ill. App. 3d 489 (1994), to support her position that the trail at issue is not a "trail." However, *Goodwin* is distinguishable from this case because the trail in *Goodwin* was located in a developed city park (*Goodwin*, 268 Ill. App. 3d at 490), whereas the trail in this case is surrounded by wooded or undeveloped land and runs through a forest preserve. Thus, *Goodwin* is not controlling here.

In addition, we reject plaintiff's contention that the trail at issue cannot be considered a "trail" because the entrance to a subdivision is located near the path. If we accepted plaintiff's interpretation, im-

munity could be lost if a neighboring landowner decided to develop his property. We do not believe the legislature intended immunity to be based on the actions of a property owner different from the public entity in question.

Accordingly, the record establishes that the trail at issue is a trail within the meaning of the Act and, thus, defendant is immune from this cause of action. Thus, the trial court erred by denying defendant's motion for judgment *n.o.v.*

Because we have determined that defendant is immune under section 3—107(b) of the Act, we need not address defendant's other arguments regarding immunity under section 3—107(a) of the Act, the "open and obvious danger" doctrine, and certain alleged trial errors.

The judgment of the circuit court of Kane County is reversed.

Reversed.

GROMETER and KAPALA, JJ., concur.